JAMES CHRISTIE et al., Appellants, v. HENRY M. GAGE et
al., Respondents.

Where a tenant for life has executed a conveyance purporting to be a
grant of the fee, and the grantee is in possession, claiming a fee under
the grant, after the death of his grantor, this is a possession under
claim of title adverse to that of the reversioner or remainder man within
the meaning of the champerty act (1 R. S., 739, § 147), and a convey-
ance by the latter is void under said act.

The grantee in fee of a tenant for life is not precluded from claiming in
hostility to those in reversion or remainder after the expiration of the
life tenancy.

*It seems* that during the life of the tenant for life the possession of his
grantee is not adverse, and that a conveyance then made by the
reversioner or remainder man would be valid.

The fact that a religious corporation organized under the act of 1813
(chap. 60 R. L., 1813), makes a conveyance in pursuance of an order of
the court obtained on its application, does not make the transaction a
judicial sale, and so take it out of the operation of said statute.

(Argued October 4, 1877; decided November 13, 1877.)

APPEAL from judgment of the General Term of the
Supreme Court, in the fourth judicial department, affirming
a judgment in favor of defendant, entered upon a verdict, and
affirming an order denying a motion for a new trial.

This was an action of ejectment to recover nine-thirtieths
of one hundred acres of land situate in Middlesex, Yates
county.

The action was originally brought by Samuel Christie

against Franklin J. Green ; both parties having died during its progress, the present parties, their heirs-at-law, were substituted.

Andrew Christie died February 24, 1824, seized of the premises in question, and leaving a will by which, as interpreted by the court on trial, he devised a life estate in said premises to his grandson, Andrew Christie, Jr., the fee passing by descent to the heirs of the testator. The life tenant entered into possession under the will, and in October, 1835, conveyed by quit-claim deed purporting to convey the fee to Chester Loomis, who, in April, 1841, conveyed in the same manner to Lyman H. Green, father of the original defendant, through whom the latter claimed. Andrew Christie, the younger, died in 1863. David Christie, one of the heirs of the said testator, died in July, 1847, he then owning the fee of an undivided nine-thirtieths of said premises. This he devised to the First Presbyterian church of West Town, a religious corporation organized under the act of 1813. In 1867, said church made application to the Supreme Court for leave to sell its interest in the premises, which application was granted, and under and in pursuance of an order of the court, said church conveyed to the original plaintiff. The court submitted to the jury to find whether, when the said conveyance was made, Franklin J. Green, the original defendant, was in possession of the premises claiming title in fee under the deed from Andrew Christie, the younger, charging that if the jury so found, plaintiff was not entitled to recover, as his deed would be void under the statute against champerty to which plaintiffs' counsel duly excepted.

*J. A. Christie*, for appellants. Andrew Christie took only a life estate under the will of his grandfather. (*Wells* v. *Wells*, 9 J. R., 222; *Newkirk* v. *Embler*, 14 id., 198; *Ferris* v. *Smith*, 17 id., 221; *Mesick* v. *New*, 7 N. Y., 163; *Harvey* v. *Comstock*, 1 id., 483; *Olmstead* v. *Olmstead*, 4 id., 56; 1 Barb, 102; *Rathbone* v. *Dyckman*, 3 Paige, 9; 5 Lans., 139; *Decker* v. *Merrill*, 6 J. R., 185; *Drewey* v.

*Barron*, 11 East, 220; *Wheaton* v. *Andress*, 23 Wend., 452; *Barhydt* v. *Barhydt*, 20 id., 276; *Harris* v. *Harris*, 8 J. R., 142; *Olmstead* v. *Harvey*, 1 Barb., 102; 1 N. Y., 483; *Townsend* v. *Bull*, 10 J. R., 483; *Spraker* v. *Van Alstine*, 18 New, 200; *Drummond* v. *Stringham*, 26 Barb., 104; *Ruggles* v. *Martin*, 18 J. R., 31; 2 Jarm. on Will, 714, rule 21.) The possession of a tenant for life and those holding under him is not adverse to the remainder man, and he may convey, notwithstanding such possession. (*Burhans* v. *Van Zandt*, 7 Barb., 91; *Hoyt* v. *Dillon*, 19 id., 644; *Learned* v. *Tallmadge*, 26 id., 443; *Clark* v. *Hughs*, 13 id., 147; *Grant* v. *Townsend*, 2 Hill, 554; 2 Den., 336; *McCrea* v. *Nancius*, 2 Wend., 357.) The conveyance by the church was not void under the statutes against champerty. (3 R. S. [5th ed.], 30, § 167; *Crary* v. *Goodman*, 22 N. Y., 170; *Fish* v. *Fish*, 39 Barb., 513; *Sayres* v. *Robinson*, 9 Abb. [N. S.], 277; *Monnot* v. *Huson*, 39 How., 447; *Newton* v. *McLean*, 41 Barb., 285.)

*David B. Prosser*, for respondents.

ANDREWS, J. It is to be assumed upon this appeal that Andrew Christie the younger took a life estate only in the one hundred acres of land devised to him by the will of his grandfather, and that the fee passed by descent to the heirs of the testator. The judge so ruled upon the trial; and it is undisputed, assuming this to be the true construction of the will, that the " First Presbyterian church of West Town," at the time of its conveyance to Samuel Christie, the original plaintiff, on the 24th of September, 1867, owned in fee by title derived from David Christie, one of the sons of the testator, the undivided nine-thirtieths of the one hundred acres, and was entitled to the immediate possession thereof, the life estate of Andrew Christie the younger having terminated by his death in October, 1863. But the judge submitted it to the jury to find, and the jury found that when that conveyance was made, Franklin J. Green, the original

defendant, was in possession of the one hundred acres, claiming title thereto in fee under a quit-claim deed from Andrew Christie the younger to Chester Loomis, dated October 30, 1835; and the court charged the jury that if they should find this fact in favor of the defendant, the plaintiff was not entitled to recover, as his deed would be void under the champerty act. This presents the only question for review. The exception of the defendant to the ruling of the judge, that Andrew Christie the younger took a life estate only under the will, is not before us. He succeeded upon another point, and the case is here only on exceptions of the plaintiff.

The statute declares every grant of lands to be absolutely void, if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor. (1 R. S., 739, § 147.)

This court, in *Crary* v. *Goodman* (22 N. Y., 170), held, that to make the possession of land adverse, so as to avoid a deed under this statute, the possession must be under claim of some specific title; and that when a party occupies land not included in his deed, but which he supposed was embraced in the description, his possession is not adverse, so as to render a grant by the true owner champertous. The deed from Andrew Christie the younger, under which the original defendant claimed title, purported to convey a fee. It expressed a consideration of $1,100. It contained words of inheritance, and assumed to grant the entire one hundred acres, the reversion and reversions, remainder and remainders *habendum*, to the party of the second part, his heirs and assigns forever. The grantee, it is true, took only an estate for the life of the grantor in the lands conveyed, for the grantor could convey no greater title than he possessed. (1 R. S., 739, § 143.) But the conveyance would have carried the fee if the grantor had possessed it; and a claim by the grantee of a fee thereunder was consistent with the deed, and would be a claim under a title adverse to the title of the reversioner or remainder man. During the continuation of the life estate of Andrew Christie the younger,

possession under the deed by his grantee, although he claimed a fee, would not be adverse to the heirs of the testator, so that the statute of limitations would commence to run against them, for the plain reason that they would have no right to an action to recover the possession during the continuance of the particular estate. The conveyance by the tenant for life of a greater estate than he possessed did not work a forfeiture, and the heirs, after the conveyance, as before, had no right to the possession during the life of the devisee of the life estate. (1 R. S., 739, § 145; *Jackson* v. *Johnson*, 5 Cow., 96; *Grout* v. *Townsend*, 2 Hill, 554; *Clarke* v. *Hughes*, 13 Barb., 147.) So by analogy, a conveyance by the heirs during the continuance of the life estate of their interest, would not be void under the champerty act, although the grantee of the life-tenant was in possession, claiming under a grant purporting to be a grant of the fee. The statute ought not to be construed so as to prevent a reversioner or remainder-man making a conveyance of his estate before he becomes entitled to the possession. But a conveyance after the termination of the particular estate, when the lands are held at the time under claim of an adverse title, is void within the letter and spirit of the statute.

It is insisted, on the part of the plaintiffs, that the defendant having taken a conveyance from the life-tenant, is precluded from claiming in hostility to those in reversion or remainder; and that, although he claims by virtue of a conveyance purporting to be a conveyance of the fee, the law regards him as holding in subordination to their title, and he will not be allowed to dispute it. The rule that a tenant and those claiming under him cannot dispute the title of the lessor or his assignees has no application. When a tenancy exists, a purchaser who enters under an absolute conveyance in fee from the tenant is considered as the tenant of the lessor, although he may not have known that the grantee held or derived his possession from the lessor. (*Jackson* v. *Davis*, 5 Cow., 123.) But this rule is not applicable to the relation existing between the grantee in fee

of a tenant for life and the remainder man or reversioner. This was expressly held in *Jackson* v. *Harsen* (7 Cow., 323), for the reasons there stated, which it is unnecessary to repeat.

In this case, Andrew Christie the younger took, as we assume, only a life estate in the land. It is not an unreasonable inference, from the evidence, that he supposed he took a fee. He undertook to convey a fee, and his grantee and those who succeeded to him claimed a fee, as the jury, upon sufficient evidence, have found. This claim, accompanied by possession in accordance with it, was an adverse title within the champerty act, and made the plaintiffs' deed void.

There is no ground for the contention that the conveyance, having been made by the church in pursuance of the order of the court, obtained on its application, made the transaction a judicial sale, and, therefore, not within the statute. The church, as a religious corporation, organized under the act of 1813, had only a limited capacity to convey. It could convey only under the sanction of the court, and the order obtained in this case was simply the authority for completing its voluntary undertaking to sell the lands in question.

The judgment should be affirmed.

All concur, except FOLGER and MILLER, JJ., absent.

Judgment affirmed.