# N. Y. SUPERIOR COURT.

## Elizabeth L. Manolt agt. Elizabeth L. Petrie *et al.*

*Ejectment — Adjudication that a deed though absolute on its face was a mortgage — Who and to what extent bound by it — Adverse possession by one claiming under a life tenant cannot be had against a remainderman during the life of the life tenant*

A. having an eighth interest in certain lands, subject to a life estate in B., made a conveyance of his interest to B. Thereafter A. died, leaving the plaintiff, his widow and three children him surviving; thereafter one of said three children died, leaving this plaintiff, his mother, and a brother and sister him surviving.

Thereafter B. died, and a partition suit was thereupon instituted, to which plaintiff was not a party, wherein it was adjudged that the conveyance from A. to B. was a mortgage.

*Held,* that the judgment that the conveyance from A. to B. was a mortgage was binding on the purchasers at the partition sale and those claiming under them.

*Second,* that the plaintiff inherited a life estate as heir of her said deceased son.

*Third,* that one claiming under the life tenant cannot have adverse possession against a remainderman during the life of the life tenant.

*Special Term, May,* 1883.

*Horace Barnard,* for plaintiff.

*John Bradner Perry,* for defendant.

Ingraham. *J.* — This is an action of ejectment, tried before the court without a jury at the Special Term. By the will of George Manolt, admitted to probate on the 21st of October, 1828, a life estate in the premises in question was devised to his wife Mary Manholt, and a vested remainder in fee to the children of his brother Jacob Manolt. These children were eight in number, each of them taking an undivided eighth in said premises, subject to the life estate. The life estate determined by the death of the life tenant July 28, 1872. On July

18, 1854, and subsequent to the arrival of the youngest child of said Jacob Manolt at age, George J. Manolt, one of the children of Jacob Manolt and the owner of an undivided eighth of the remainder of the premises in question, with his wife, the plaintiff herein, executed an instrument which was in form an absolute conveyance, and which purported to convey to the life tenant, Mary Manolt Lyon (she having married Daniel Lyon), in consideration of $3,000 all the right, title and interest in and to certain premises in the city of New York, including the premises in question, and that subsequently the said Mary Manolt executed an instrument in writing, dated 28th day of March, 1856, purporting to be a bargain and sale deed, and to convey, in consideration of $7,873.93, to one Jonathan Odell all her right, title and interest in and to the premises conveyed by said instrument executed by George J. Manolt, and which included the premises in question. Subsequently, and on the 4th day of March, 1856, the said George J. Manolt died intestate, leaving him surviving his widow, the plaintiff in this action, and three children, Elizabeth A., Lewis J. and George T. Manolt, his only heirs-at-law.

It will thus appear that subject to the effect of the conveyance of July, 18, 1854, each of the children of said George J. Manolt became the owners of a vested remainder in one undivided twenty-fourth part of the premises in question.

On July 29, 1861, George T. Manolt died unmarried and intestate, leaving him surviving his mother, the plaintiff in this action, and his brother and sister, his only heirs-at-law. Whatever interest said George T. Manolt had in the premises in question descended to his mother, the plaintiff, for her life, with a remainder over after her death to his brother and sister (1 *R. S.*, 752, *sec.* 6). The question, therefore, to be determined is, what estate, if any, did George T. Manolt have in the premises in question at the time of his death?

Mary Manolt Lyon, the life tenant, died in the year 1872, and on September 13, 1872, an action was commenced in the

supreme court to partition the property in question; plaintiff was not a party to that action.

By the answer of Elizabeth A. Manolt and Lewis J. Manolt in that action, it was alleged that the deed given to Mary Manolt Lyon by George J. Manolt, dated July 18, 1854, was not a conveyance of the premises therein described, but that the same was given without consideration, and the issues raised by that answer was referred to Philo T. Ruggles, Esq., as referee, to hear and determine the same.

On the trial of that action it was stipulated between Jonathan Odell, who was a party defendant, and to whom all the interest under the said deed has been conveyed, and the defendants therein, Elizabeth A. Manolt and Lewis J. Manolt, that the said deed, though absolute on its face, was in fact a mortgage given to secure the sum of $3,000, and the referee reported such to be the fact, and that there was due on the said mortgage the sum of $6,941.53, and that that amount was a lien upon the share of the said Elizabeth A. Manolt and Lewis J. Manolt.

Judgment was subsequently entered confirming the report, and adjudging that the defendants, Elizabeth A. Manolt and Lewis J. Manolt, are each seized in fee simple and entitled to one undivided sixteenth part of said lands and tenements, subject to the payment of the amount due to said Jonathan Odell on his equitable mortgage of $6,941.53, and ordering the property sold by a referee; that out of the proceeds of the sale of the said undivided eighth of the said premises the said sum of $6,941.53 be paid to said Odell in payment of the said equitable mortgage, and to divide the residue of said eighth part between the said Elizabeth A. and Lewis J. Manolt; that the property was sold under the said judgment to Frederick Folz, and the referee duly conveyed the same to him, and that out of the proceeds of such sale the amount due on the mortgage was paid to the said Odell; that the same had been conveyed to the defendant, Elizabeth L. Petrie, who is now in possession thereof.

Manolt agt. Petrie *et al.*

I think defendant is bound by the adjudication that the deed of November 4, 1856, is a mortgage. She claims under that judgment; that judgment adjudged that said deed was a mortgage; under it the mortgagee was paid the amount due on the mortgage.

The court had jurisdiction to make such a judgment. It having so adjudged, all the parties to that action and all claiming under them are bound by it, and cannot set up that a deed or conveyance therein declared inoperative or void as a deed was valid (*Chautauqua County Bank* agt. *Risley*, 4 *Denio*, 481; *and see same case in court of appeals*, 19 *N. Y.*, 377)

Here the deed has been in that action adjudged to be a mortgage, and has been paid. The mortgagee has received the amounts due him or the consideration for which it was given.

The defendant's grantor did not purchase relying on the deed, but on the contrary it expressly appeared in the judgment under which defendant claims that it was not a deed but a mortgage, and that it was to be paid and discharged.

There could be no adverse possession in or against the remainderman until the termination of the life estate (*Christie* agt. *Gage*, 71 *N. Y.*, 189).

There is no proof that Odell went into possession under the deed at the time it was delivered; and under any circumstances, the deed having been declared a mortgage, and the amount due paid before defendant's grantor acquired his title under the judicial sale, it cannot be used to help the defendant's title. It is not alleged in the answer, nor was it claimed on the trial, that the defendant was subrogated to the right of Odell, the mortgagee, and would then become the mortgagee in possession, and could defend against the owner of the equity of redemption or his representatives any action except one for an accounting of the rents and profits and to redeem; and so it is not necessary to pass on that question.

The plaintiff must therefore have judgment, with costs.