GARRET M. CLUTE, Appellant, *v.* NEW YORK CENTRAL AND
HUDSON RIVER RAILROAD COMPANY, Respondent.

In an action of ejectment it appeared that the defendant had been in the
actual possession of the premises under orders in proceedings to acquire
title to the same for railroad purposes since 1841; that N. died in
1833, seized of the premises and lands adjoining; by his will he
devised them to D. for life, with remainder in fee to plaintiff. D., in
1859, conveyed said premises to plaintiff, and died in 1868. In 1865,
plaintiff executed a deed of said premises to C. and M., which assumed
to grant and convey without reservation, exception, or limitation the
lands described therein. The deed also provided for a reversion of the
land occupied by defendant to the grantees in the event that defendant
should remove its tracks or cease to operate its road. Plaintiff reserv-
ing to himself all claims against defendant for use and occupation, or
for damages for withholding the land. *Held,* that plaintiff's deed to
C. and M., in 1865, divested him of all title to said premises, and he
could not, therefore, maintain this action.

Also *held,* that assuming the proceedings to condemn the land for railroad
purposes were void, as plaintiff was not, at the date of his deed to C. and
M., in possession and was not entitled to possession until the termination of
the precedent life estate, which did not occur until 1868, said land was
not at the date of the deed held adversely to plaintiff, and so said deed
was not void under the provision of the Revised Statutes (1 R. S. 739,
§ 147), declaring a deed void if at the time of its delivery the land is in the
actual possession of another holding adversely, as until the precedent
estate was terminated no possession could be adverse to the remain-
derman.

(Argued March 6, 1890; decided April 22, 1890.)

APPEAL from order of the General Term of the Supreme
Court in the third judicial department, made November 16,
1886, which reversed a judgment in favor of plaintiff, entered
upon the report of a referee, and granted a new trial.

This action was ejectment, to recover of the defendant the
possession of a strip of land located partly in the county of
Albany and partly in the county of Schenectady, and occupied
by the defendant with its track and railroad.

Upon the trial the plaintiff only sought to recover and did
recover a judgment for so much of said strip as is represented

between the parallel lines upon a diagram of lot "K" put in evidence by plaintiff and frequently referred to as lot "K" in the other evidence and proceedings upon the trial.

This lot with several other lots represented upon said diagram were once owned and occupied by Nicholas Clute, who died in 1833. By his will he devised these lots to Derrick Clute, for life with remainder in fee to the plaintiff. Derrick Clute, the life tenant, in 1859 conveyed said lots to the plaintiff, and died in 1868.

The plaintiff, in 1865, executed a deed containing a description of these lots, lot "K" being the last one described in the deed, to Chauncey Copley and Chauncey Miller, as trustees of the United Society, commonly called Shakers. The description of lot "K" in this deed embraces the strip or portion of that lot occupied by the defendant as its railroad, and following such description in the deed is the following language in parenthesis, viz.: "containing sixteen acres, one rood and thirty-two perches of land, exclusive of one acre, one rood and thirty-two perches occupied and *owned* by the railroad." The parenthetical sentence is followed by this language: "Being the same piece of land devised by the late Nicholas Clute, deceased, to Derrick Clute, Jr., to the extent of a life estate, with remainder to Garret M. Clute" the plaintiff.

In 1841 the Schenectady and Troy Railroad Company took proceedings under chapter 242 of the act of 1836, to obtain title to the strip in dispute for railroad purposes, and after final orders provided by said act and the payment of the appraisal of these lands (as is claimed), entered into the possession of them under such proceedings, claiming the title thereto, and has, by itself and its successors, the defendant, held such possession ever since.

This action was begun in 1873. The referee held that plaintiff was entitled to the possession, and judgment was entered accordingly in plaintiff's favor.

This judgment was reversed upon appeal to the General Term and a new trial ordered.

*Edward Winslow Paige* for appellant. It is the duty of the court to give effect to the intentions of the party in using the language of the instrument. (2 Phil. on Ev. 376, chap. 7, § 1.) . The statute, upon which the defendant claims to have acquired plaintiff's title to the land, is in derogation of his rights and interest therein and must be strictly construed. The recitals in the respective orders which the defendant claims to have acquired plaintiff's title, which, under the act, is to be deemed as a deed of conveyance, are not made *prima facie* evidence of the facts therein cited. The *onus* rests on the defendant to establish the facts therein recited by proof *aliunde.* (*Sharp* v. *Spier*, 4 Hill, 86 ; *In re City of Buffalo*, 78 N. Y. 366; *In re W. S. R. R. Co.*, 89 id. 455.) It was absolutely necessary for the petitioner in this case to have set forth in its petition that it had offered to purchase the land from the plaintiff, and that he had unreasonably refused to sell, and the facts and circumstances of such failure to agree, in order to give the officer authorized the power to act. (*In re March*, 71 N. Y. 317; *In re H., T. & W. R. R. Co.*, 79 id. 71.) The defendant's exceptions as to the plaintiff's interview with Mr. Gould, who was then the attorney of defendant's predecessor in acquiring the land, is not well taken. Admissions made by an attorney in respect to matters in which he is authorized to act will bind his client. (1 Phil. on Ev. 516, chap. 8; 1 Greenl. on Ev. 223, chap. 9, § 185 ; *Gamsfard* v. *Grammner*, 2 Camp. 9 ; *Marshall* v. *Cliff*, 4 Ia. 133 ; *Joung* v. *Wright*, 1 id. 141.)

*S. W. Jackson* for respondent. The referee erred in refusing to hold and adjudge when requested by the defendant: " That the recital of jurisdictional facts contained in the orders are *prima facie* evidence in this action of the facts so recited." (Laws of 1836, chap. 242 ; 2 Phil. on Ev. [2d ed.] 1016 ; *Barber* v. *Williams*, 12 Wend. 102 ; *Van Steenburgh* v. *Bigelow*, 3 id. 42 ; *Harrington* v. *People*, 6 Barb. 610 ; *Hard* v. *Shipman*, Id. 625 ; *Adams* v. *S. & W. R. R. Co.*, 11 id. 455 ; 6 Seld. 328 ; *Sheldon* v. *Wright*, 1 id. 497 ; *Sibley*

v. *Waffle*, 16 N. Y. 185; *Potter* v. *M. Bank*, 28 id. 654; *Belden* v. *Meeker*, 2 Lans. 473; *Rose* v. *Lewis*, 3 id. 326; *Dayton* v. *Jones*, 69 N. Y. 425; *Rowe* v. *Parsons*, 6 Hun, 343.) The referee erred in refusing to decide and adjudge, when requested by the defendant, that the recitals of facts contained in the orders are conclusive evidence in this action of all the facts so recited, excepting those which were necessary to give the officers jurisdiction of the subject-matters and persons referred to in such orders respectively, provided the facts last referred to were duly established. (*Harrington* v. *People*, 6 Barb. 610, *Hard* v. *Shipman*, Id. 629; *Adams* v. *S. & W. R. R. Co.*, 11 id. 456; *Buell* v. *Vil. of Lockport*, 8 N. Y. 58; *Rowe* v. *Parsons*, 6 Hun, 343.) The referee committed an error in permitting the plaintiff, notwithstanding the defendant's objections, to testify to a conversation between himself and one "Gould" in 1841. (*Baptist Church* v. *B. F. Ins. Co.*, 28 N. Y. 160; *Luby* v. *H. R. R. R. Co.*, 17 id. 133; *Warner* v. *Warner*, 46 id. 235.) The referee erred in ruling and deciding at plaintiff's request, that the deed from the plaintiff to Miller and Copley is inoperative and void so far as the strip of land in question is contained in it, for the reason that the said strip of land was then and still is held and possessed by the defendant adversely to the grantors. (*Clark* v. *Hughes*, 13 Barb. 151; *Jackson* v. *Johnston*, 3 Cow. 90.) The referee erred in refusing to rule and decide, when requested by the defendant, that the deed executed by the plaintiff and wife to Miller and Copley is valid and effectual between the parties thereto, as a legal grant and conveyance of the lands described in the complaint, notwithstanding the provisions of section 147 of chapter 1 of the Revised Statutes. (*Van Hoesen* v. *Benham*, 15 Wend. 165; *Ward* v. *Reynolds*, 25 Barb. 497; *Livingston* v. *Proseus*, 2 Hill, 528, 529.) The referee erred in refusing to hold and decide that this action being not brought or maintained by the grantees of the plaintiff in his name, but being brought by the plaintiff in his own name and for his own benefit, the said last-mentioned deed is held and adjudged in

this action a valid grant and conveyance by the plaintiff of all the lands therein purporting to be conveyed, and that this action is not prosecuted in the name of the real party in interest within the meaning of sections 449 and 1501 of the Code of Civil Procedure. (Code Civ. Pro. §§ 111, 449, 1501 ; *Hasbrouck* v. *Bunce*, 62 N. Y. 483 ; *Hamilton* v. *Wright*, 37 id. 508.) The referee erred in permitting evidence of rental value for six years previous to the commencement of the action and in adjudging that the plaintiff was entiled to judgment for the rental value for four and one-half years before the commencement of the action, with interest thereon from the commencement of the action, as damages for withholding the property. (*Larned* v. *Hudson*, 57 N. Y. 153 ; *Livingston* v. *Farmer*, 12 Barb. 481 ; *Budd* v. *Walker*, 9 id. 493.)

POTTER, J. This is an action of ejectment to recover the possession of land, and the plaintiff, in order to maintain his action must now show that he has the right to the possession of the same, as against the defendant, who has been in the actual possession of the same since the year 1841, under orders in proceedings to acquire title to the same for railroad purposes.

From the statement of the facts of this case it is apparent that these defenses to the action might properly arise, viz. : Whether the deed of 1865 from the plaintiff to Copely and Miller does not convey as between them and the plaintiff the latter's title to the premises to them ? Whether the defendant did not obtain title to the premises under the proceedings taken pursuant to chapter 242, Laws of 1836, for that purpose in 1841, and whether the defendant has not obtained title to the premises through its possession taken under such proceedings adverse to plaintiff, and continued from 1841 to the time of the commencement of this action, in 1873 ?

The General Term held, and, I think, correctly, that the deed from plaintiff to Copely and Miller, by force of the language and terms employed in it, conveyed whatever title the plaintiff had to the premises at the date of the deed.

The deed assumes to grant and convey without reservation, exception or limitation, the lands described therein by metes and bounds. Following such description, the deed states the quantity of land embraced within the metes and bounds theretofore set forth in the deed. That amount is the same amount contained in lot " K." But the defendant was occupying and had been since 1841, a strip of land through lot " K." Hence, to make the statement of the amount of land strictly accurate, it was necessary to exclude from such quantity the quantity occupied by the defendant for its railroad. This construction of the deed is confirmed by other considerations within and without the deed. If the deed did not or was not intended to convey any title or right in the strip to Copely and Miller, where was there any occasion or propriety in providing for a reversion of the land occupied by the defendant to Copely and Miller in the event that defendant should remove its tracks or cease to operate its road laid upon the strip ?

The term reversion signifies a return to a pre-existing or former state or place. The only pre-existing state or relation which Copely and Miller could occupy in respect to this land when defendant should cease to occupy it was that conveyed to them by the plaintiff's deed. The rule of construing deeds requires that they be construed most strongly against the grantor and the reasonableness and justice of such rule is never more manifest than when the grantor is, as in this case, a lawyer. Again if it was not the intention of plaintiff to grant this strip, why make any reservation of his claims for use and occupation or for damages for withholding it against defendant? If a grant does not carry the principal subject, it would hardly carry its incidents.

It seems to me very clear that the effect and purpose of this deed was to divest the plaintiff of all estate that he had in the strip of land in question, and to invest Copely and Miller with the same as far as lay in the plaintiff's power at the date of his deed, and as there was some question doubtless in the minds of the parties whether such deed would be effectual while the defendant was occupying such strip adversely, provision was intended to be made in the deed that Copely and

Miller should have the land or it should revert to them without any additional instrument or costs when the defendant ceased to occupy it. This scheme was, no doubt, deemed the most practicable under the circumstances to give them what every purchaser would naturally desire, viz., the lot entire.

But the plaintiff practically urges upon the consideration of the court that it matters not, though the language of his deed and the circumstances surrounding the same indicate a grant of the premises to Copely and Miller and an intention to make such grant, yet the law would not permit him to do so. (2 R. S. 739, § 147; *Dawley* v. *Brown*, 79 N. Y. 390.)

Let us see whether that contention will stand the test of consideration.

Assuming with the plaintiff that the proceedings to acquire title for railroad purposes was wholly void, he was the owner of the remainder in fee of lot " K," and that portion of it occupied by the defendant. As such remainderman the plaintiff was not in possession in fact and was not entitled to the possession of the premises until the termination of the precedent life estate, which did not occur till the year 1868, some three years after the date of plaintiff's deed to Copely and Miller. Hence the land in question was not at the date of the deed from plaintiff to Copely and Miller held adversely to the plaintiff.

Until the precedent estate is terminated, giving the remainderman the right of possession, no possession can be adverse to the remainderman. (*Christie* v. *Gage*, 71 N.Y. 189, 193; *Grout* v. *Townsend*, 2 Hill, 554; *Clarke* v. *Hughes*, 13 Barb. 151.)

Having reached the conclusion that the deed by its terms conveyed the lands in question to Copley and Miller, and that there was nothing to defeat its operation, and the plaintiff having thus divested himself of title to the premises in question there is no occasion to examine or decide the other questions discussed upon the argument.

The order of the General Term should be affirmed and judgment absolute be awarded against the plaintiff, with costs.

All concur.

Order affirmed.