Chase, J.
 

 The intention of the Title Registration Act (Real Property Law, article 12, sections 370 to 435 inclusive, as amended by chapter 627, Laws of 1910) is to
 
 *353
 
 provide a new system of land registration whereby persons can ascertain by an inspection of the register, in whom the title to a particular piece of property is vested. We repeat the words of one of the men prominently engaged in the preparation of the act and in urging its passage in this state, viz.: “ The object and purpose of the law are to register good titles, not to cure bad ones.” In registering titles under the act it is necessary for the court to hear and determine all controversies respecting the title. It is expressly stated in section 390 of the act that “ In any action under this article, [Article 12, Eeal Property Law] the court may find and decree in whom the title to or any right or interest in the property or any part thereof is vested, whether in the plaintiff or in any other person, and may remove clouds from the title, and may determine whether or not the same is subject to any lien or encumbrance, estate, right, trust or interest, and may declare and fix the same, and may direct the registrar to register such title, right, or interest, and in case the same is subject to any lien, or encumbrance, estate, trust or interest, may give directions as to the manner and order in which the same shall appear upon the certificate of title to be issued by the registrar, and generally in such an action, the court may make any and all such orders and directions as shall be according to equity in the premises and in conformity to the principles of this article * * *.”
 

 It is provided by section 391 that “The judgment and any order made and entered in an action under this act shall, except as herein otherwise provided, be forever binding and conclusive upon the state of New York and all persons in the world, * * *.”
 

 The binding and conclusive character of the judgment is dependent upon the state of New York, and all persons in the world interested therein having by due process of law severally had an opportunity to be heard in determining what, if any, judgment should be entered in the action. A judgment of a court having jurisdiction of
 
 *354
 
 the subject-matter is of course binding and conclusive upon all persons of whom the court obtains jurisdiction. It is not binding and controlling upon others, neither is a party to an action to register a title who has or claims a right or lien upon some part of the property sought to be registered, required silently to permit judgment to be entered upon the complaint and the papers mentioned therein, if admitting all the statements therein contained judgment should not be entered thereon. If the plaintiff rests his case upon the complaint and accompanying papers and they do not show a title good as against all the world the action should be dismissed upon a defendant’s motion.
 

 The defendant Eealty Associates appeared and answered in this action. It appeared by authority of an order of the Special Term determining that it was a proper party defendant in the action. The plaintiff appealed from the order granting it leave to appear in the action and the order was affirmed by the unanimous vote of the Appellate Division on the authority of
 
 Hawes
 
 v.
 
 U. S. Trust Company, No. 1
 
 (142 App. Div. 189).
 
 (Partenfelder
 
 v.
 
 People,
 
 148 App. Div. 921.)
 

 The Eealty Associates in its answer denied that the plaintiff was the owner in fee of the property sought to be registered or that the complaint set forth all of the incumbrances existing against said property or that all of the persons known to have an interest therein had been made parties defendant, and it expressly alleged that it was the owner of a mortgage on the property .adjoining the property sought to be registered, on the . southwest, and that the building on the property so adjoining the property sought to be registered extended upon the . lands sought to be registered and that such Eealty Associates had and claimed a right to or lien upon such part of the property sought to be registered. The claim, of the respondent was not admitted by the appellant. The respondent’s appearance and answer gave it
 
 *355
 
 the right to insist that the complaint be dismissed because the facts contained in the complaint and the papers conpected therewith do not show that the plaintiff is entitled to have his title registered pursuant to said statute.
 

 It is unnecessary to discuss the question whether a judgment in an action under said act can be attacked collaterally. Whether the court in an action to register a title has jurisdiction to adjudge as to such title as against all people in the world, may and probably will depend upon the facts in each case under consideration. This appeal is considered upon the record before us and in behalf of the parties before the court when the judgment of the Special Term was rendered. The judgment is directly and not collaterally attacked.
 

 It was said in
 
 Glos
 
 v.
 
 Kingman & Co.
 
 (207 Ill. 26) in an action to register a title, that “ Defendants to the proceeding may be heard in the trial court to urge that the applicant has not shown a title of the nature proper to be registered, for if that be true the application should be dismissed,' and that without any regard whatever to the question whether the title or claims of the defendant to the title are but mere clouds. * * * The appellant may therefore be heard to insist that the proofs as to title in fee of the appellee company were insufficient to support the decree. "x" * * The claim of ownership of the appellee company was not entitled to be registered, and the application should have been dismissed. Evidence establishing title good as against the world is essential to warrant a decree awarding initial registration of a title.”
 

 The statute (Eeal Property Law, Cons. Laws, ch. 50, section 385; amended L. 1910, ch. 627) provides that “on the complaint and all the other papers and documents filed in the making of the application for registration, the court shall determine whether or not the plaintiff appears to have a title that should be registered. For thé purpose of arriving at such determination, the court
 
 *356
 
 may require a further examination of the title, to he made by the same examiner who has made the certificate, or by another official examiner, and it may also require a further or amended survey, or certificate, or additional affidavits, or any other proper evidence or proof. * * * When the court is satisfied that the plaintiff appears to have a title that should be registered, it shall make an order directing that the action to register such title be commenced by the issuance of the summons * * ”
 

 Provision is made in the statute for service of the summons, including service by publication when necessary, as in the statute expressly provided. An order directing that an action to register such title be commenced by the issuance and service of the summons should not be made by the court unless facts are shown to the court which at least uncontradicted and unexplained show a good title in the claimant as against all the world.
 

 In our judgment the complaint, and all the other papers and documents filed by the plaintiff in making the application for registration in this action, were not sufficient to justify the court in concluding that the plaintiff’s title should be registered. The summons should not have been issued, and the judgment registering the plaintiff’s title should not have been granted.
 

 It affirmatively appears that Edward Long who, the plaintiff assumes was in 1815 the owner in fee of the real property sought to be registered, executed and delivered a full covenant and warranty deed dated August 5, 1815, to Ellen Welsh, Margaret Long and James Long. The habendum clause of said deed is as follows: “To have and to hold the above granted and described premises with the appurtenances unto Ellen Welsh and Margaret Long from and after the death of the said party of the first part (Edward Long) as tenants in common during their respective lives and at the death of either of them to the said James Long, his heirs and assigns as to the share or undivided half of the one so dying to his or their
 
 *357
 
 own proper use, benefit and behoof forever.” By such deed Edward Long reserved to himself a life estate in said property and subject to the life estate in himself, granted a life estate to Ellen Welsh and Margaret Long to each in an equal undivided half part of said property. He also thereby gave to James Long the remainder subject to said fife estates. James Long and his heirs and assigns took under the deed title to said property, subject to said life estates. The title of the plaintiff, except so far as he has a title by adverse possession, rests wholly upon a deed given by the said Edward Long and wife to him (Adam Partenfelder) on the 29th day of May, 1879. The deed given only four years before to Ellen Welsh, Margaret Long and James Long was then of record, and Partenfelder had at least constructive notice thereof. The plaintiff’s title, so far as appears from the record or otherwise, is not greater than the title of Edward Long. Edward Long’s title was a fife estate.
 

 It is generally stated in the examiner’s certificate of title that there are no persons other than the plaintiff interested or claiming to have any rights or interests in the property described. In such certificate is a statement as follows: “ The facts as to the inquiries, and efforts made to find other persons having any rights or interests in said property, and the diligence used to ascertain whether or not those known can be served personally with a summons within the state are set forth in the following detailed statement. So far as can be ascertained by inquiry on the property hereinafter described and by an examination of the records relating to said property as herein set forth, and by an examination of such other matters as may be disclosed by investigations made by the official examiner in connection with the facts set forth in the public records relating to said property, and by investigation of possessory rights or interests therein, there are no other persons who appear to have any rights or interests in said property except as above stated. All
 
 *358
 
 parties who are herein specifically designated in this certificate as having any known interest can be personally served with the summons except ‘All other persons, if any, having any right or interest in, or lien upon the property affected by this action, or any part thereof ’ who in the nature of things are unknown and cannot be personally served with the summons.”
 

 In the detailed statement of the examiner it is further said, referring to the deed by Edward Long to Ellen Welsh, Margaret Long and James Long, as follows:
 

 “Edward Long thereby granted life estates to Ellen Welsh and Margaret Long, with the remainder to James Long and retained a life estate to himself. We find, further, that notwithstanding the above Edward Long and his wife made a conveyance of said property to Adam Partenfelder by deed recorded in Liber 1356 at page 501, on May 31st, 1879.
 

 “ On information and belief, I am satisfied that the whereabouts of Edward Long, Margaret Long, James Long and'Ellen Welsh, cannot be ascertained, nor in fact can it be ascertained whether either of them is still alive.
 

 “ I am satisfied that the applicant, Adam Partenfelder, has obtained title by adverse possession to the premises under registration.”
 

 The examiner’s statements are conclusions. They are made without any statement of facts to justify them and .are wholly without value.
 

 The possession of a tenant for life is rightful and not adverse to a remainderman or reversioner. As against a tenant for life no right of action for possession of real property accrues to a remainderman or reversioner. Adam Partenfelder, so far as appears, entered into and remained in possession of the property as the grantee of Edward Long. He obtained rightful possession under his deed, but it was not adverse to any of the grantees under the deed given by Edward in 1875. So far as appears adverse possession by the plaintiff has not com
 
 *359
 
 menced to run. If Edward Long is dead, adverse possession may have commenced to run from the date of his death. James Long and his heirs, devisees and assigns have not had a right of action to obtain possession of said property to this date as against Edward Long, Ellen Welsh and Margaret Long unless they and the survivors and survivor of them are dead. During the life of the tenant for life, neither his possession nor that of his grantee can be adverse to that of the remainderman.
 
 (Jefferson
 
 v.
 
 Bangs,
 
 197 N. Y. 35; Ruling Cases, Vol. 1, 743;
 
 Christie
 
 v.
 
 Gage,
 
 71 N. Y. 189;
 
 Manolt
 
 v.
 
 Petrie,
 
 65 How. Pr. 206;
 
 Jackson
 
 v.
 
 Mancius,
 
 2 Wend. 357;
 
 Culver
 
 v.
 
 Rhodes,
 
 87 N. Y. 348;
 
 Devyr
 
 v.
 
 Schaefer,
 
 55 N. Y. 446;
 
 Bedell
 
 v.
 
 Shaw,
 
 59 N. Y. 46;
 
 Thompson
 
 v.
 
 Simpson,
 
 128 N. Y. 270;
 
 Fleming
 
 v.
 
 Burnham,
 
 100 N. Y. 1;
 
 Simis
 
 v.
 
 McElroy,
 
 160 N. Y. 156;
 
 Clute
 
 v.
 
 N. Y. C. & H. R. R. R. Co.,
 
 120 N. Y. 261.)
 

 • The efforts made in behalf of the plaintiff to find whether Edward Long, Ellen Welsh, Margaret Long and James Long are living, and if living to ascertain their several places of residence, and if James Long is not living to find his heirs at law, were trivial and wholly inadequate on which to found an order commencing an action against unknown owners or on which to base the judgment which was entered herein.
 

 "There are other objections to the plaintiff’s title which are not now further considered because enough has been said to show that the Appellate Division was right in reversing the judgment for the plaintiff and dismissing the complaint.
 

 It is also unnecessary on this appeal to further consider the many other "questions discussed by the appellant and respondent.
 

 The judgment should be affirmed, with costs.
 

 Willard Bartlett, Ch. J., Werner, Hiscook, Collin, Hogan and Miller, JJ., concur.
 

 Judgment affirmed.