(88 Misc. Rep. 684)

### ELDERT v. CROSS COUNTRY R. CO. et al.

(Supreme Court, Special Term, Kings County. January 18, 1915.)

1. COURTS (§ 37*)—JURISDICTION—WAIVER.

Jurisdiction, as affecting the subject-matter of the action, may be inquired into at any stage of the proceeding, and is not waived by defendant's appearance and demurrer to the complaint.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 147–149, 151, 156; Dec. Dig. § 37.*]

2. APPEAL AND ERROR (§ 1194*)—DETERMINATION—LAW OF CASE.

Where the question of the jurisdiction of the lower court over the subject-matter of the action was not before the Appellate Division on appeal from an order disposing of a demurrer to the complaint, the judgment of the Appellate Division passing on the sufficiency of the complaint does not conclude the question of jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4648–4656, 4660; Dec. Dig. § 1194.*]

3. RECORDS (§ 9*)—REGISTRATION OF TITLE—CONCLUSIONS OF EXAMINER.

In determining whether property can be registered under the Torrens act, the court should not rely on the conclusions of the official examiner, but must carefully and critically examine the certificate, the abstract, and affidavits, and determine whether all parties interested are made defendants.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

4. RECORDS (§ 9*)—REGISTRATION OF TITLE—TORRENS ACT.

The official examiner's certificate of title disclosed that there were no conveyances passing the interest of persons who once owned the land, and failed to show that in a partition suit where infants were parties that they were duly served. *Held* that, as the object of the Torrens Law was only to register good title, and not to cure bad ones, the court was without jurisdiction to entertain an action to register the land.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Action by Luke Eldert against the Cross Country Railroad Company and others. On motion to set aside summons and notice of object of action. Motion granted.

White & Wait, of New York City, for the motion.
Gilbert Ray Hawes, of New York City, opposed.

MANNING, J. This action is brought by the plaintiff to register a title to real estate under the provisions of what is known as the Torrens Land Title Registration Law, Article 12 of the Real Property Law (Consol. Laws, c. 50), as amended by chapter 627 of the Laws of 1910. The suit was commenced in August, 1913, and is still untried, in fact owing to various motions concerning the sufficiency of the pleadings the issue is not yet joined.

The defendants Meeker and Streeter, as executors of the last will and testament of Peter Wyckoff, deceased, whose time to answer the second amended complaint has not yet expired, now move the court to vacate the original order directing that the action be commenced, and in the same motion seek to set aside the summons, notice of object of action, and all subsequent proceedings herein, upon the ground that the court at Special Term never acquired jurisdiction to order said

action to be commenced, and that such order, summons, and all subsequent proceedings are void.

[1] The jurisdictional question is raised by the alleged insufficiency of the official examiner's certificate of title and the other papers before the court at the time the order for the commencement of the action was signed. Jurisdiction so affecting the subject-matter of an action may be inquired into at any stage of the proceeding, and hence the objection made by the plaintiff that the defendants by appearing and demurring to the complaint have waived the jurisdictional question is untenable, so the present motion is properly before the court, and the defendants are entitled to a ruling thereon.

[2] The plaintiff further contends that the Appellate Division, in disposing of a demurrer heretofore interposed by the defendants, passed upon the sufficiency of the complaint as a whole, and that therefore this motion should not be entertained. As to this objection it appears from the record that the questions raised by the present motion were not before the appellate court upon the argument of the demurrer, and consequently the decision is not a bar to the present proceeding.

[3, 4] In the present motion lack of jurisdiction is asserted, owing to certain defects and infirmities alleged to exist in the official examiner's certificate of title and other papers before the court at the time the original order was made, and the defendant contends that so far as the law of the case is concerned the facts are almost identical with those determined in the case of Partenfelder v. People, 157 App. Div. 462, 142 N. Y. Supp. 915; affirmed 211 N. Y. 355, 105 N. E. 675.

In that case the principle was laid down that in the commencement of an action for the registration of a title to real property the court is not justified in relying upon the *conclusions of the official examiner, but is bound to carefully and critically examine the certificate,* the abstract, and the accompanying affidavits, and to see that, assuming all the facts therein stated (as distinguished from mere conclusions, inferences, and opinions) to be true, not only does the applicant appear to have a title free from reasonable doubt, but that every person who might have any right or interest therein or lien thereon, is specifically named as a party defendant, if such name is known or can be ascertained. Unless this be done, the court has no jurisdiction to direct that such action be commenced, or to authorize the issuing or the service of a summons therein.

An inspection of the examiner's certificate in the present case does disclose certain defects and omissions which in the light of the law as laid down by the courts in the Partenfelder Case clearly shows a lack of jurisdiction to issue the summons herein. As an instance, it appears from the said examiner's certificate that one Enleff Duryee was at or prior to the year 1869 an owner of the premises sought to be registered. There is an entire absence in the examiner's certificate of any effort to show what search, if any, was ever made for the heirs of said Duryee, and no deed out of him is shown, and neither Enleff Duryee or his heirs, whether known or unknown, are made parties to the proceeding, although it may be gathered from the certificate that

there is as to such heirs an outstanding interest, and no efforts are shown to locate these heirs. It further appears from the examiner's certificate that one Peter Nostrand formerly owned the premises. No deed of record from him or his heirs is shown, nor are there any facts detailed showing any search as having been made for the heirs of said Nostrand. Nothing further than a deed to the executors of the said Nostrand, which is now claimed to be in the possession of the plaintiff, but the examiner's certificate is silent as to the manner in which said deed is executed.

As in the Partenfelder Case the examiner's certificate of title contains the following statement:

"The facts as to the inquiries and efforts made to find any other person having rights or interests in said premises and the diligence used to ascertain whether or not those known can be served personally with summons are set forth in the following detailed statement."

But the certificate is silent as to any search whatever. The examiner further says:

"There are no other persons interested or claiming to have any right or interest in said property."

This, of course, is a conclusion wholly unsupported by the facts. The examiner further adopts the title to the property as established upon an action in partition known as the Cornell partition suit, but his certificate is wholly barren of the necessary facts from which the regularity of the proceedings in that suit can be determined. The certificate of the examiner fails to show the regularity of the proceedings in the partition suit of Rider v. Eldert, in which action there were certain minor parties thereto. No facts are given as to how those minors were served with process to properly bring them within the jurisdiction of the court. His certificate merely says that the minors in question were served "without attention to the method now legal." No search appears to have been made for or against these infants, nor are they or their heirs joined as parties defendants herein. The suit was at issue in 1861, and the contention of the defendants that some of these very same parties may be now living and within the jurisdiction of this court is strong, but concerning this very important fact no examination is made in the certificate.

Judge Chase in writing the opinion of the Court of Appeals in the Partenfelder Case, 211 N. Y. 357, 105 N. E. 676, says:

"We repeat the words of one of the men prominently engaged in the preparation of the act (Torrens Act) and in urging its passage in this state, viz.: 'The object and purpose of the law are to register good titles, not to cure bad ones.'"

And he further says at page 360 of 211 N. Y., at page 677 of 105 N. E.:

"An order directing that an action to register such title be commenced by the issuance and service of the summons should not be made by the court, unless facts are shown to the court which at least uncontradicted and unexplained show a good title in the claimant as against all the world."

Bearing this principle in mind, and applying it to the case under consideration, I am constrained to hold that the certificate of the ex-

aminer is so defective and questionable that it casts a doubt and suspicion on the title of the plaintiff which existed at the time he received permission to commence the action, and that this situation did not entitle him to the order which was made.

Motion granted.