David L. Glickman, J.
This is a proceeding under article 12 of the Real Property Law in which petitioner, claiming to *661 be the true registered owner of certain real property under title derived from a tax deed, seeks to cancel a registration certificate pertaining to the same property issued in the name of one Lutisha Stewart (hereinafter referred to as “ Stewart ”) as well as a Sheriff’s deed held by the objectors herein, James A. Butcher and Albert Casillo, which deed has been memorialized against the Stewart certificate. Petitioner and objectors have stipulated to the facts upon which the controversy between them is predicated, said stipulation providing in substance as follows:
In January, 1954, the subject property was registered under title certificate No. 25309 in the name of Stewart. When Stewart failed to pay the county taxes for the years 1953-1954, the tax lien was sold by the Treasurer of Suffolk County to the petitioner, Wilfred Miller, on November 16, 1954, and said sale was recorded in the official tax sale book of said Treasurer. The statutory period to redeem the premises from the sale of said tax lien expired on November 16, 1957. Thereafter, by tax deed dated October 14, 1958, the Treasurer conveyed the parcel in question to the petitioner, but said transfer was not memorialized on the aforesaid certificate of title until January 17,1963.
On November 14, 1957, after the sale of the tax lien and two days before the expiration of the time to redeem, a judgment obtained by the objectors was docketed against Stewart. The judgment was memorialized against the Stewart certificate of title on June 9, 1958. On or about January 21, 1960, the objectors obtained a Sheriff’s deed as a result of a Sheriff’s sale under said judgment, which deed was filed against Stewart’s certificate of title on January 21, 1960.
The objectors assert their right to an order directing the Registrar to cancel the tax deed of Wilfred Miller and to register title solely in their name. The petitioner, on the other hand, contends that he is entitled to an order directing the cancellation of the Stewart registration certificate, the cancellation of a mortgage of one Jennie Nicolini, recorded as a lien against the property prior to the tax sale, and the cancellation of the Sheriff’s deed and the judgment against Stewart, as memorialized on the certificate of title.
Clearly, the objectors can have no greater rights in the subject parcel than the rights of the party against whom they obtained their judgment and subsequent Sheriff’s deed. Stewart’s right to redeem the premises from the sale for unpaid taxes ended on November 16, 1957; hence, her title and interest in the property terminated on that date. While the judgment of the objectors against Stewart was docketed on November 14, 1957, *662 thus giving1 them an interest in the property with a concurrent right of redemption, that right also terminated on November 16, 1957. The Sheriff’s sale and subsequent deed, dated on or about January 21, 1960, by which he conveyed the property to the objectors, actually only conveyed such title if any as Stewart had in the property, and since by that time Stewart’s title as well as redemption rights had ceased to exist, the Sheriff’s deed was ineffective as a conveyance of Stewart’s former title.
The objectors argue that the filing of the tax deed with the Registrar subsequent to the filing of the Sheriff’s deed gives objectors priority, urging that the transfer to petitioner was not effective until his deed was actually filed with the Registrar, as required by section 400 of the Real Property Law. This argument is untenable for the simple reason that petitioner had a valid tax deed to the property whereas the Sheriff’s deed conveyed no title whatsoever. The priority in filing the Sheriff’s deed is of no moment. It is the tax sale and the expiration of the redemption period that effectively bars the objectors from any interest in the property, whether or not such sale was memorialized. The failure to pay taxes and the tax title eventually resulting therefrom are superior to the title established by registration. The benefits accruing from the registration of a title do not and never were intended to prevent divestment through failure to pay taxes and the subsequent proceedings resulting therefrom. This is the evident purport of paragraph “Second” of section 400 of the Real Property Law. It is one thing to derive title from or through a registered owner; such new title must, by provision of the law, be memorialized to be effective. It is quite another thing to derive title through a tax sale which by its very nature eliminates all prior encumbrances as well as the prior owner’s title, and creates a completely new chain of title, unaffected by a prior registration and prior memorials.
As to the Nicolini mortgage, these same facts operate to eliminate said mortgage as a lien against the subject property. The petition is granted.