■ In the Matter of County of Suffolk, Respondent, v

REALTY REDEMPTION CO., INC., Appellant

The subject of this appeal is a parcel of real property situated in Suffolk County, title to which has been registered under the Land Title Registration Law (Real Property Law art 12) since 1928. The appellant Realty Redemption Co., Inc., acquired title to the property in 1984 by Certificate of Title No. 124,000. However, the appellant failed to pay property taxes for the 1985-1986 tax year and the resulting tax lien was sold by the Suffolk County Treasurer to the petitioner County of Suffolk. The tax lien sale certificate issued to the County was not noted upon the appellant's Certificate of Title. When the appellant failed to redeem the property within the statutory redemption period, title to the property was transferred to the County by a tax sale deed. This deed was memorialized upon the Certificate of Title. The County thereafter commenced the instant proceeding under Real Property Law article 12, *inter alia,* to cancel the appellant's Certificate of Title and to reregister title to the property in the name of the County of Suffolk. The Supreme Court granted the petition with respect to the appellant's property, and we affirm the order insofar as appealed from.

Contrary to the appellant's contention on appeal, the County's failure to memorialize the underlying sale of the tax lien to the County does not render the tax deed to the County a nullity. Real Property Law article 12 was intended "to provide a new system of land registration whereby persons can ascertain by an inspection of the register, in whom the title to a particular piece of property is vested" *(Partenfelder v People,* 211 NY 355, 356-357). Real Property Law § 400 requires that, with stated exceptions, "incumbrances, charges, trusts, liens and transfers" be memorialized to be effective as against "[a] person who receives a certificate of title pursuant to a judgment of registration * * * and a purchaser of registered real property, who takes a certificate of title for value and in good faith". As explained by one commentator, the import of Real Property Law § 400 is that "no person taking a transfer of any

registered real property * * * from the registered owner shall be required to inquire into the circumstances under which * * * such owner or any previously registered owner had the title registered" (2 Rasch, New York Law and Practice of Real Property, § 29:45, at 160 [2d ed]).

Real Property Law § 400 was thus intended to protect from unrecorded encumbrances those who take title after the encumbrance arises and who, absent a notation on the Certificate of Title, would have no knowledge of it. This conclusion is further supported by the fact that the statute creates an exception from the memorialization requirement for leases where there is actual occupancy and "[e]asements or servitudes which accrue against the property * * * in such a manner as not to require their registration". These encumbrances are apparent without resort to an inspection of the Certificate of Title. While paragraph SECOND of the Real Property Law § 400 also specifically creates an exception for unsold tax liens, it cannot be inferred from this provision that once the lien is sold, it must, in all circumstances, be memorialized to be enforceable.

The statute does not contemplate that owners of registered property, such as the appellant, who cause the encumbrance on their property by defaulting in the payment of their property taxes, be protected against the sale of the tax lien and subsequent conveyance of the property by tax deed simply by reason of the purchaser's failure to make a notation of the sale of the underlying tax lien upon the Certificate of Title. As was previously noted by the Supreme Court, Suffolk County: "The failure to pay taxes and the tax title eventually resulting therefrom are superior to the title established by registration. The benefits accruing from the registration of a title do not and never were intended to prevent divestment through failure to pay taxes and the subsequent proceedings resulting therefrom. This is the evident purport of paragraph 'Second' " (Matter of Miller, 42 Misc 2d 660, 662, affd 23 AD2d 967).

Accordingly, we conclude that the Supreme Court properly directed the County Registrar to cancel the appellant's Certificate of Title and issue a new Certificate of Title to the County of Suffolk. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.