OPINION OF THE COURT
Jack J. Cannavo, J.
This application for an order directing the Registrar to register a mortgage pursuant to Real Property Law §416 without production of the owner’s duplicate certificate of title is granted.
Green Point Savings Bank, petitioner herein (Green Point), is the mortgagee of real property located in Lindenhurst and *48 owned by Steven Taddeo. Taddeo has been personally served with this petition. The property is registered by the Suffolk County Clerk (Registrar) pursuant to article 12 of the Real Property Law (Torrens system of land registration).
Steven Taddeo took title to the property in 1972, and it is alleged on information and belief that he was issued a certificate of title by the Registrar at that time although a copy of the certificate indicates that a certificate was issued in January of 1988. The certificate also recites that title was subject to a 1973 mortgage held by Central Federal Savings and Loan Association. There is a further notation on the certificate that an owner’s duplicate certificate of title was returned to Allen M. Kranz, Esq., Mr. Taddeo’s attorney.
On June 3, 1988, the Central Federal mortgage was satisfied and Mr. Taddeo executed a new note and mortgage in favor of Green Point. Green Point now seeks to register the satisfaction of the Central Federal mortgage and its own mortgage pursuant to sections 415 and 416 of the Real Property Law. Section 416 provides in pertinent part: "On the filing of the instrument creating such mortgage, lease or other lien or charge in the registrar’s office and the production of the duplicate certificate of title, he shall enter upon the certificate of title and upon the duplicate certificate a memorial thereof and the date of filing the instrument with a reference to its file number, which memorial shall be signed by the registrar who shall deliver to the person filing such instrument a certified copy of such instrument, if it is a mortgage, certified to be the 'registration copy of mortgage’ ” (emphasis added).
The difficulty herein is that neither Mr. Taddeo nor his attorney appear to be in possession of the owner’s duplicate certificate. While Mr. Taddeo, as the registered owner, would be entitled upon petition to the Registrar, to a replacement pursuant to section 414 of the Real Property Law, Taddeo has not requested any relief. The reasons behind Mr. Taddeo’s failure to apply are not detailed in Green Point’s papers nor by Mr. Taddeo himself who, though served, made no submission in response to this application. Section 414, added as of January 1, 1992, provides that a replacement may be obtained only by "the owner of the property or the current grantee with proper certified deeds” submitted simultaneously. The prior version, repealed as of January 1,1992, permitted "other person[s] in interest” to petition for and receive a replacement. Accordingly, Green Point has made the instant application for an order directing the Registrar to register the *49 satisfaction and new mortgage without production of the owner’s duplicate certificate.
The Torrens system of land registration provides for the registration of title to land (17 Carmody-Wait 2d, NY Prac § 105:1, at 99-100). Its intention is to provide a system of title registration which enables a person to ascertain in whom title to property is vested and the encumbrances to which it is subject by the simple inspection of the register (see, Partenfelder v People, 211 NY 355). The "certificate of title” is the "register” upon which title is documented and upon which encumbrances are memorialized (see, Real Property Law §§ 394, 395). An owner is given proof of his title by the issuance to him by the Registrar of the "owner’s duplicate certificate of title” (Real Property Law § 396). Both the certificate and duplicate certificate constitute conclusive evidence up to the time of issuance that title to the property "is as therein stated” (Real Property Law § 399).
Article 12 is to be liberally construed to give effect to its provisions (Real Property Law § 433). Requiring production of the duplicate certificate serves the dual purpose of protecting owners from the registering of false mortgages and ensuring that the duplicate reflects all genuine mortgages. To permit the registering of mortgages without a memorialization of the duplicate is to invite mischief on the part of unscrupulous owners. That fraud of this type is a genuine possibility is evidenced by the inclusion of section 430 which provides that fraudulent conduct with regard to instruments and certificates constitutes a felony. Therefore, if an unscrupulous holder of the duplicate certificate of title should attempt to transfer title to a third person without knowledge of the lien, that person would be guilty of a felony.
The legislative history included in the motion by the petitioner does not indicate that the Legislature intended to eliminate the right previously held by mortgagees to request a waiver of the production of an owner’s duplicate certificate of title by special proceeding.
Therefore, after scrutinizing the legislative history this court cannot find that the 1992 addition rescinded any previous right of a third person to register a mortgage without first producing an owner’s duplicate certificate of title, if a court, after due consideration, so directs.
This finding is consistent with Real Property Law § 390 which reads: "In any proceeding under this article, the court *50 may find and decree in whom the title to or any right or interest in the property or any part thereof is vested, whether in the petitioner, or in any other person, and may remove clouds from the title, and may determine whether or not the same is subject to any lien or incumbrance, estate, right, trust or interest, and may declare and fix the same, and may direct the registrar to register such title, right, or interest, and in case the same is subject to any lien, encumbrance, estate, trust or interest, may give directions as to the manner and order in which the same shall appear upon the certificate of title to be issued by the registrar, and generally in such a proceeding, the court may make any and all such orders and directions as shall be according to equity in the premises and in conformity to the principles of this article” (emphasis supplied).
The mortgagee, who extended valuable consideration to the mortgagor, has the right to have its mortgage memorialized. The mortgagee is still responsible for any harm that may result from its negligence in failing to properly register his mortgage in the first instance. The possibility of any such harm is ameliorated by the very provisions of the Torrens system which provides that the duplicate certificate of title is only conclusive evidence of encumbrances on record on the date it is issued. Any certificate issued in the future must list petitioner’s mortgage.
The court directs that the Registrar of Suffolk County waive the production of the duplicate certificate of title for the purpose of filing a mortgage dated June 3, 1988, from Steven Taddeo to Green Point Savings Bank, and directs the Registrar to file said mortgage against a duplicate certificate of title upon payment of proper fees for such filing. The Registrar is also directed to waive the production of the duplicate certificate of title for the purpose of filing a satisfaction to a 1973 mortgage held by Central Federal Savings and Loan Association.