### CITY & SUBURBAN HOMES CO. v. PEOPLE et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1913.)

RECORDS (§ 9*)—REGISTRATION OF LAND TITLES—JURISDICTION.

Where as the result of conveyances small gores or strips were left in the center of the parcel sought to be registered, title to which strips was in others not parties to proceedings for registration, without showing any cause for omitting them, the court did not obtain jurisdiction to direct that an action to register such title be commenced.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Appeal from Special Term, Kings County.

Action by the City & Suburban Homes Company against the People of the State of New York and George F. Martens, Jr., and another, as executors of George F. Martens, deceased. From a final judgment for plaintiff and also from an amended judgment, the last-named defendants appeal. Reversed, and proceeding dismissed.

For memorandum decision denying certain motions, see 142 N. Y. Supp. 1112.

See, also, 148 App. Div. 920, 132 N. Y. Supp. 1124.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Wm. Bell Wait, Jr., of New York City (Henry Crofut White, of New York City, on the brief), for appellants.

Gilbert Ray Hawes, of New York City, for respondent.

BURR, J. The form of the complaint and of the summons in this proceeding is similar to that which was considered in Partenfelder v. People, etc., 142 N. Y. Supp. 915, decided herewith. No persons were originally named therein as parties defendant except the people of the state of New York, and "all other persons, if any, who have any right or interest in or lien upon the property affected by this action, or any part thereof." Subsequently George F. Martens, Jr., and Ber-

tha C. M. Johnson, as executors of the estate of George F. Martens, deceased, were made additional parties defendant. Answering said complaint, they put in issue all of the material allegations thereof, and specifically pointed out various defects in the title sought to be registered, which appeared upon the official examiner's certificate. It is necessary for us to consider but two of these. In thus limiting our examination we leave undetermined the sufficiency of the other questions raised by the appellant.

The property which plaintiff sought to have registered consists of an irregular plot of ground, shown on a map of property of James B. Clarke and others, filed in the office of the clerk of Kings county. It comprises parts of lots 47, 39, 40, 41, and 60, and the whole of lots 42 to 46, 48, 50, 52, 54, 56, and 58 on said map. The certificate of title states that in 1842 lot 47 was conveyed by reference to the said map to Benjamin Davis, and that in 1849 Davis conveyed said lot, with others, to Horatio S. Onderdonk. In the latter deed the premises are not described by reference to the numbers on said map, but by metes and bounds. This description does not include a strip of ground 2½ inches wide and 100 feet deep on the easterly side of lot 47. The effect of this is to leave a piece of ground, being part of that for which registration is sought, 18 feet in width to the west of this strip, and another and larger portion to the east thereof. The strip which was not conveyed separates the two. The title to this strip apparently remained in Davis. Neither Davis nor his successors in interest are specifically named as parties defendant to this action, nor is there any fact stated showing the slightest effort to ascertain their names or post office addresses, nor that it would not be possible with reasonable diligence personally to serve them with process. According to said certificate, in 1882 a portion of said premises was owned by William D. Murphy, Mary G. Murphy, Ella L. Murphy, Anna L. Owen, and Lizzie Paddock, who derived their title through one William D. Murphy, to whom the property had been previously conveyed by reference to lot numbers on the Clarke map. They attempted to convey this parcel of ground to Robert H. G. Murphy, who, in April, 1910, conveyed to plaintiff in these proceedings. In each of said deeds the northerly and one of the southerly courses were stated to be at right angles with Tillary street, and the easterly courses were stated to be parallel thereto. As appears from the survey attached to the said certificate, the lines of the lots laid down on the said map did not intersect Tillary street at right angles.

[1] The result of the conveyances in this form was to leave in the center of the parcel of land for which registration is sought small gores, the title to which still appears, according to said certificate, to be in the said William D. Murphy and others. There is a failure to specifically name either of these parties as defendants in this proceeding, and no fact is stated justifying such omission. Within the rule stated in Partenfelder v. People the court failed to obtain jurisdiction to direct that an action to register such title should be commenced, or to authorize the issue of the summons which was issued.

The judgment appealed from should be reversed, with costs, and the proceedings dismissed, with costs.

JENKS, P. J., and RICH and STAPLETON, JJ., concur. CARR, J., not voting.