DINA BARKENTHIEN, Appellant, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

**Real property** — actions for the registration of titles — pleadings in such actions — evidence — presumptions — burden of proof in such actions.

1. The People of the state, as defendants, in actions for the registration of titles under the sections of the Real Property Law relating thereto (Cons. Laws, ch. 50, art. XII, §§ 370–435), have the right by their pleading to oppose the right of the plaintiff to the judgment demanded and to support the pleading by corresponding proof. (§ 389.)

2. The complaint and the pleadings of the defendants create the issues precisely as would such pleadings in an ordinary action under the Code of Civil Procedure and those issues are triable by the tribunal named in section 371 of the Real Property Law "according to the laws of this state and the rules of court" (§ 385), except that

allegations of the complaint denied by an answer may be presumptively proven by the relevant facts stated in the certificate of title, the abstract, searches and survey.

3. A defendant who desires or intends to controvert or contradict by proof any fact stated in those documents must by his answer deny the fact and in addition specifically allege therein the controverting facts. The plaintiff must then affirmatively establish the facts so controverted and sustain the burden of proof in accord with the ordinary rules of evidence and proof.

4. On examination of the documents attached to the complaint, *held*, that they do not show the title in question to be in the plaintiff except through the statement of the official examiner "that the title to the property herein described is vested in her," the force or effect of which statement or conclusion is not considered, because the answer denies it and supports its denial with controverting facts.

*Barkenthien* v. *People*, 155 App. Div. 285, affirmed.

(Argued March 2, 1914; decided June 9, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 15, 1913, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The action was to procure a judgment of registration of the title of the plaintiff to certain real estate in the city of New York. Of the many defendants, The People of the State of New York alone answered the complaint.

While our determination of the principal questions presented by the record before us depends directly upon the construction of certain provisions of section 385 of the Real Property Law (Laws of 1909, ch. 52; Cons. Laws, ch. 50), an adequate comprehension of their meaning and intent requires some knowledge of the contextual provisions.

The action is under article XII of the Real Property Law, constituted of sections 370 to 434 inclusive, the effects of which we do not here undertake to state fully

and with exactness. A person entitled by them to apply for the registration of his title to real property may apply therefor to the Supreme Court by filing a verified complaint with the clerk of the county in which the land is situated. (Sections 370, 379.) Prescribed classes of persons shall be made defendants, and, in addition, " the complaint shall specifically name as defendants the people of the state of New York." The complaint shall have the effects and form prescribed by the Code of Civil Procedure and contain additional allegations as directed; it shall state at the beginning thereof what claim, if any, the state of New York makes to the property in question, or what interest, if any, it has therein other than the general governmental interest or such as exists as to all land in private ownership. (Section 379.) There must be annexed to it as an exhibit and a part the certificate of an official examiner of title, verified by his affidavit of designated form, setting forth the exact state and condition of the applicant's title and prescribed facts as to parties interested, a survey, map or plan accompanied by an affidavit in a designated form of the surveyor by whom it was made, and therewith the abstract of title and the searches made or used by the official examiner in examining the title and all the other proper evidences of the due examination. (Section 380.) The court may require a further examination or the complaint to state additional facts or to be reverified, or may require any additional paper or evidence to be filed, or any amendment or modification of said official examiner's certificate, or any further or amended survey or certificate, or any additional evidence or proof that may be necessary or proper. "All the allegations and statements in said certificate, abstract, searches or survey shall be taken and construed as statements of fact, unless they are expressly declared therein to be conclusions or opinions." (Section 385.) On the complaint and all other papers and documents filed in the making of the application, the court shall determine

whether or not the plaintiff appears to have a title that should be registered, and must be satisfied that the requisite persons are made defendants, and its decision as to this fact shall not be drawn in question after six months from the entry of the judgment in the action. If it determines in favor of the applicant, it shall direct the issuance of a summons and notice of the object of the action, of the form and effects prescribed by the Code of Civil Procedure, and its service as the commencement of the action. The attorney-general of the state may require the service upon him of a copy of the official examiner's certificate of title and of the abstract of title in addition to the summons and notice. "Upon and after the issuance of the summons, the court's jurisdiction shall be the same as in an action in the supreme court in which no order for the commencement of the action is required; and the action shall be governed by, and shall proceed according to, the laws of this state and the rules of court, relative to such an action, as far as the same are not expressly abrogated or modified by this article." (Section 385 as amended by L. 1910, ch. 627, section 6.) Any person interested in the property or whose interests may be affected by the judgment may appear in the action and answer the complaint and may oppose the application or set up a cross-demand to have the title registered in his own behalf. In either case he shall state particularly what his interest is and answer the material allegations of the complaint. (Section 389.) There are provisions for the trial (Section 371) and the form and effects of the judgment of registration. (Sections 371, 390–394, 399, 400.) "The judgment and any order made and entered in an action under this act shall, except as herein otherwise provided, (See section 400) be forever binding and conclusive upon the state of New York and all persons in the world, whether mentioned and served with the summons and said notice specifically by name, or included in the description, 'all other per-

sons, if any, having any right or interest in, or lien upon, the property affected by this action, or any part thereof.' It shall not be an exception to such conclusiveness that any such person is an infant, lunatic or is under any other disability or is not yet in being." (Section 391.)

In section 385 are the provisions which underlie the chief disputes of the parties: "In all proceedings subsequent to the determination by the court that the plaintiff appears to have a title that should be registered, the allegations and statements of the examiner's certificate of title, and of his abstract and searches, and in the survey, shall be *prima facie* and presumptive evidence of the facts so alleged and stated, and if any defendant controverts any allegation or statement contained in said certificate of title, abstract, or searches, or survey, the facts controverting such allegation or statement must be specifically pleaded and set forth, and except as in this section otherwise provided must be established affirmatively by the defendant pleading or setting forth the same. * * * Where a party has controverted in his pleading specifically an allegation or statement contained in said certificate of title, abstract, searches or survey, any party who has appeared in person or by attorney or counsel at the trial may require that the ordinary rules of evidence and proof, unaffected by this section, shall apply to the matters so controverted."

The complaint here averred the claim and title of the People of the state of New York to be the general governmental interest and not other; the ownership of the plaintiff in fee simple; the names and residences of the known defendants; the designation of all other possible owners and claimants as " all other persons, if any, having any right or interest in or lien upon the property affected by this action or any part thereof " and unknown to the plaintiff; a description of the land, title to which was sought to be registered, and plaintiff's ownership in

fee thereof; the rights of the parties as. claimed by the plaintiff and the source and devolution of plaintiff's title. Annexed and declared a part of the complaint was the certificate of title of the official examiner and the survey. The answer denied certain allegations of the complaint, denied knowledge or information of other allegations sufficient to form a belief, denied on information and belief other allegations, and denied in one of those forms certain of the statements in the certificate of title, and set forth specifically facts tending to show that the title had passed to the People of the state by escheat.

At the opening of the trial the attorney-general, as counsel for the People, moved, pursuant to section 385, as he stated, that in the trial the ordinary rules of evidence apply, unaffected by the said provisions of that section, as to the matters controverted in the answer. The court held that it was sufficient to call its attention to the section so that it might rule in accordance with it and the motion was unnecessary. The plaintiff, as her case, offered in evidence the original summons and complaint and the certificate of title, the abstract of title and evidence concerning formal matters which were received. The plaintiff then rested. The following was then said by the attorney-general: " I move to dismiss on the ground that the plaintiff has failed to establish a cause of action. That she has not proven her title in conformity with the ordinary rules of evidence and proof as required by the Attorney-General at the opening of the trial, and I ask your honor to grant the prayer asked for by the people of the state of New York in their answer that the property be vested in them by escheat." By the Court: " I will reserve the decision upon that motion until the decision of the case. Have you any evidence ? Attorney-General: No." The court found as a conclusion of law that the plaintiff failed to prove the title sought to be registered under the provisions of section 385 of the Real Property Law, and directed judgment dismissing the

complaint and the Appellate Division affirmed the judgment entered.

*Matthew J. Wheelehan* for appellant. After submission of the case the trial judge had no power to strike out plaintiff's entire evidence and dismiss the case as not proven, when at the trial he held it was sufficient to establish a *prima facie* case. (Wigmore on Ev. § 1064; *Tisdale* v. *R. R. Co.*, 116 N. Y. 416; *Robinson* v. *N. Y. E. R. R. Co.*, 175 N. Y. 219; *Blashfield* v. *N. Y. Tel. Co.*, 147 N. Y. 526; *Ramsay* v. *Miller*, 202 N. Y. 72.) Article 12 of the Real Property Law creates a new rule of pleading by requiring facts to be specifically pleaded in an answer and a general denial as a pleading has been abrogated in registration actions. (Wigmore on Ev. § 2596; *U. S.* v. *Alexander*, 17 Pac. Rep. 748; *Sloan* v. *Diggens*, 49 Cal. 38; *McMiller* v. *Campbell*, 115 N. C. 352.) Article 12 of the Real Property Law as a rule of evidence has taken away no rights and conferred no privileges. (*Howard* v. *Mott*, 64 N. Y. 262; *People* v. *Johnson*, 180 N. Y. 229; *Mobile, etc., R. R. Co.* v. *Turnepreed*, 219 U. S. 35; *Wood* v. *Knapp*, 100 N. Y. 109; *Meigs* v. *Roberts*, 162 N. Y. 371; *Brook* v. *Glos*, 243 Ill. 392; *Cohasset* v. *Morris*, 90 N. E. Rep. 978.) The construction put upon section 385 of the Real Property Law by the courts below would make the statute unconstitutional. (*Gilman* v. *Tucker*, 128 N. Y. 190; *Green* v. *R. C. M. Service*, 83 N. E. Rep. 1081.) The plea of escheat contained in the answer as a matter of law could not defeat plaintiff's title. (*Fellows* v. *Denniston*, 23 N. Y. 420; *Bollerman* v. *Blake*, 94 N. Y. 624; *Kull* v. *Kull*, 87 Hun, 476; *Buffalo R. R. Co.* v. *Navy*, 75 Hun, 396; *Ware* v. *Hilton*, 3 Dall. 197; *Worcester* v. *George*, 6 Pet. 515; *Hauenstein* v. *Lynhaven*, 100 U. S. 485; *De Geofroy* v. *Riggs*, 133 U. S. 258; *Wright* v. *Saddler*, 20 N. Y. 324.) The attorney-general has no right to contest every application for registration of

title. (*People* v. *B., etc., R. R. Co.*, 89 N. Y. 94; *People* v. *Loew*, 117 N. Y. 191.)

*Thomas Carmody, Attorney-General (Joseph A. Kellogg, Robert P. Beyer* and *Claude T. Dawes* of counsel), for respondent. The statute makes the state a necessary defendant in every action to register title to land. In every case the state is interested either (1) in its proprietary capacity as purchaser or owner by escheat, (2) in its sovereign capacity as original owner of all land, (3) under its police power to prevent fraud, multitudinous disputes, and to encourage ready dealing in real property, (4) as *parens patriæ* to protect the possible interests of those who have had no actual notice. (*Smith* v. *Martin*, 69 Misc. Rep. 108; *Waugh* v. *Gloss*, 246 Ill. 604; *Gloss* v. *Holberg*, 220 Ill. 167; *Gloss* v. *Kingman*, 207 Ill. 26; *Minot* v. *Cotting*, 179 Mass. 325; *American Land Co.* v. *Zeiss*, 219 U. S. 47; *Hathorn* v. *N. C. Gas Co.*, 194 N. Y. 326; *People* v. *N. Y. C. A. Gas Co.*, 196 N. Y. 432; *Kansas* v. *Colorado*, 185 U. S. 125; *Manning* v. *State*, 14 How. Pr. 517.) The state in its proprietary capacity, having answered, specifically setting up title in itself by escheat, was obliged to and did specifically controvert the allegation in the examiner's certificate of a fee simple title in the plaintiff. The state in its governmental capacity specifically sets up facts controverting statements in the certificate of title, showing that plaintiff's title ought not to be registered. For either reason it could require under section 385 and did demand that the plaintiff prove her title by the ordinary rules of evidence. (*Temple* v. *Benson*, 213 Mass. 128; *Gloss* v. *Kingman*, 207 Ill. 26; *Crabbe* v. *Hardy*, 77 Misc. Rep. 1; *Partenfelder* v. *People*, 157 App. Div. 462; *Hawes* v. *U. S. Trust Co.*, 142 App. Div. 789; *Duffy* v. *Shirden*, 139 App. Div. 755; *Cregar* v. *Spitzer*, 244 Ill. 208; *McMahon* v. *Rowley*, 238 Ill. 31; *Gloss* v. *Holberg*, 220 Ill. 67.)

*Alfred G. Reeves, Ralph Folks, Camillus G. Kidder* and *Charles H. Ayres* for intervening landowners.

COLLIN, J. The People of the state, as defendants, in actions for the registration of titles under the sections of the Real Property Law relating thereto, have the right by their pleading to oppose the right of the plaintiff to the judgment demanded and to support the pleading by corresponding proof. The statute throughout recognizes the People of the state as interested in the property or as having interests which may be affected by the judgment. It requires that the complaint and the summons specifically name them as defendants. In the provision that the complaint shall state what interest, if any, the state has in the property involved in the action "other than the general governmental interest or such as exists as to all land in private ownership" is the recognition of the fact that there inheres in the People of the state an interest in a true, just and conclusive registration of the titles to the lands within the state. A system or procedure which would secure or permit the registration of false, defective or questionable titles would give rise to conflicts of ownership, litigation or appeals for legislative relief, and be inimical to public peace and contentment and of brief existence. (*American Land Co.* v. *Zeiss,* 219 U. S. 47; *Arndt* v. *Griggs,* 134 U. S. 316.) The judgments rendered in the actions are well nigh conclusive throughout the future as against all the world, and it is both wise and just that the People of the state in the capacity of representative or protector of parties having interests in the property should be empowered to compel the plaintiff to establish a title free from reasonable doubt. The provisions of section 389 are applicable to the People, and authorize them to appear and answer the complaint and oppose the application for registration or set up a cross-demand to have the title registered in their own behalf. No constitutional provision inhibiting such enactment has

been brought to our attention by the briefs or argument of counsel or our research, and it is fundamentally true that it is within the legislative power unless withheld by the Constitution of the state or restricted by the Federal Constitution.

We turn now to the questions of pleading and proof raised by the present record. It is enacted that the complaint shall have the form and effects prescribed by the Code of Civil Procedure. (Section 379.) It must, therefore, be a plain and concise statement of the facts constituting the cause of action with a demand of the judgment to which the plaintiff supposes himself entitled. (Code of Civil Pro. section 481.) It is true, as we have seen, that certain documents are to be annexed, as exhibits, and a part, to the complaint, but section 481 of the Code prescribes its form, and it as a pleading cannot be aided or perfected by the contents of those documents as allegations independent of and unreferred to in the complaint. The complaint is the foundation of the action. It must allege, in the form stated in that section, the facts which, if true, would entitle the plaintiff, upon compliance with the prescribed procedure and rules, to the judgment of registration. The proofs annexed must establish at the close of a judicial and thorough scrutiny a title in the plaintiff which the statute permits to be registered, and thereupon the summons and notice are issued as the commencement of the action, which thereafter shall be governed by, and shall proceed according to, the laws of this state and the rules of court, relative to such an action, as far as the same are not expressly abrogated or modified by the relevant sections of the Real Property Law. The requirements of the Code of Civil Procedure relative to the pleadings are abrogated or modified in the single particular that "if any defendant controverts any allegation or statement contained in said certificate of title, abstract, or searches, or survey (that is, the documentary proof annexed to the

complaint), the facts controverting such allegation or statement must be specifically pleaded and set forth." It follows that the pleading of a defendant to the complaint itself must be in the form prescribed by the Code of Civil Procedure. In the present case the reply to the answer was improper, because the answer did not contain a counterclaim or the court did not direct the service of a reply. (Code of Civil Pro. sections 514, 516.) The complaint and the pleadings of the defendants create the issues precisely as would such pleadings in the ordinary action under the Code and those issues are triable by the tribunal named in section 371 of the Real Property Law "according to the laws of this state and the rules of court," except allegations of the complaint denied by an answer may be presumptively proven by the relevant facts stated in the certificate of title, the abstract, searches and survey. The burden of proving the facts constituting the cause of action is upon the plaintiff and can be met, presumptively, so far as the mere denials of the answer have effect, by the facts alleged in those documents which are relevant and tend to sustain it. In case the plaintiff is not satisfied with the presumptive evidence consisting of those allegations and statements or there are facts in issue essential to his cause of action which the statements and allegations of the documents annexed to the complaint do not tend to support, he shall resort to the ordinary rules of evidence and proof. A defendant may not under the ordinary denials — the denials authorized by the Code of Civil Procedure — contradict by his proof the facts in the documents annexed to the complaint supporting plaintiff's allegations and received in evidence. A defendant who desires or intends to controvert or contradict by proof any fact stated in those documents must by his answer deny the fact and in addition specifically allege therein the controverting facts. Upon the trial a defendant who thus alleged such contradicting facts and the other defendants may either permit the plaintiff to establish

his cause of action by the facts stated in the documents in so far as they will establish it and by such other evidence as he desires, in which case the defendants must affirmatively establish the controverting facts specifically pleaded by them, or any party who has appeared in person or by attorney or counsel at the trial may require that the ordinary rules of evidence and proof shall apply to the evidential facts stated in the documents and denied and controverted by specifically pleaded facts. As to those facts section 385, as declaring a rule of evidence, becomes inapplicable and effectless upon the requirement of any party. The plaintiff must then affirmatively establish them and sustain the burden of proof in accord with the ordinary rules of evidence and proof. The ownership of a plaintiff may and not infrequently does depend upon a multitude of facts and a purpose of the statute is to require a defendant who disputes the ownership to designate by his answer the facts supporting it, stated in the documents, which he will controvert, to the end that the plaintiff be relieved from the labor and expense of producing proof as to the uncontroverted facts.

As we read the documents attached to the complaint, they do not show the title in question to be in the plaintiff except through the statement of the official examiner " that the title to the property herein described is vested in Dina Barkenthien." The force or effect of that statement or conclusion we do not consider, because the answer denies it and supports its denial with controverting facts.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE, HOGAN and MILLER, JJ., concur.

Judgment affirmed.