DINA BARKENTHIEN, Appellant, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Real property — registration of titles — practice in action to have title registered under the statute (L. 1909, ch. 52, amd. L. 1910, ch. 627 — certificate of title by official examiner — insufficiency thereof and objections thereto — when action must be dismissed.

1. The legislature did not establish a method of registering land titles as a device to enable one party to acquire the title of others without their knowledge. Upon a plaintiff's failure to establish title in an action brought for that purpose it is the duty of the court to dismiss the complaint irrespective of whether any of the defendants have appeared in the action.

2. An insufficient certificate of title cannot be made sufficient by prefixing a statement of the examiner's opinion that the title of the premises sought to be registered is in the plaintiff. The facts, the exact state and condition of the title, are to be set forth in the examiner's certificate. (Real Property Law, Cons. Laws, ch. 50, § 380.) A defendant may not put all the facts in issue by the ordinary general denial, but must specify the particular statement or statements which he intends to controvert and state what he claims the fact to be.

3. When the plaintiff has complied with the statute and set forth the facts relied upon to establish his title, he cannot be put to the trouble of proving them on the trial by the original documents, records or other evidence, but the examiner's certificate of title, the abstract, searches and survey are presumptive evidence of them (§ 385), except that any party appearing at the trial may require that the ordinary rules of evidence and proof unaffected by said section apply to the matter specifically controverted.

4. The facts shown by plaintiff in this case examined, and defects in the documents relied on specified, and *held*, that the plaintiff failed to establish the title sought to be registered and cannot complain of the dismissal of her complaint.

(Submitted November 9, 1914; decided January 12, 1915.)

MOTION for re-argument.  (See 212 N. Y. 36.)

*Per Curiam.* The grounds of the motion indicate a misunderstanding of the force and effect of our decision. We held: 1. That in an action to register a title under article 12 of the Real Property Law (Chapter 52 of the Laws of 1909, as amended by chapter 627 of the Laws of 1910) the issues were created by the complaint and the answer precisely as in an ordinary action under the Code and were triable in like manner except as otherwise expressly provided in said statute. 2. That pursuant to section 385 of the statute the examiner's certificate of title, the abstract, searches and survey were presumptive evidence of the facts therein stated, and that the plaintiff might on the trial rely thereon without other proof unless, a defendant having denied any of such statements of fact and supported his denial by controverting facts, any party appearing in person or by attorney at the trial should

require that the ordinary rules of evidence and of proof should apply to the matters so controverted, in which case the plaintiff would be required to establish such facts by common-law evidence. 3. That the documents attached to the complaint do not show title in the plaintiff except through the statement of the official examiner "that the title to the property herein described is vested in Dina Barkenthien," and that the answer sufficiently controverted that allegation to entitle the state to demand upon the trial that it be established by common-law evidence.

We refrained from passing upon the force and effect of the statement in the certificate of title of the examiner's conclusion that the title was in the plaintiff. Upon a reconsideration of the matter we have reached the conclusion that the question is of such importance and is so likely to be involved in actions of this character that any doubt about it ought to be cleared up. As appears upon its face the said statement is but the opinion or conclusion of the official examiner and is entitled to no probative value except perforce of the statute. It is provided in said section 385 that "all the allegations and statements in said certificate, abstract, searches and survey shall be taken and construed as statements of fact, unless they are expressly declared therein to be conclusions or opinions." The letter of the statute is broad enough to include a statement or allegation appearing upon its face to be nothing but a conclusion or an opinion, and the statement above quoted is not expressly declared in the certificate to be a conclusion or opinion. The statute, however, is not to be construed contrary to its manifest spirit and purpose. Preliminary to directing the issuance of a summons the court must determine from "the complaint and all the other papers and documents * * * whether or not the plaintiff appears to have a title that should be registered." (Section 385.) Obviously, therefore, the documents must state the facts

upon which the court may judicially determine that question. It is the decision of the court, not the opinion of the official examiner, that the plaintiff appears to have a title, which will justify a direction for an issuance of the summons. By section 380 it is provided, among other things, that "said official examiner's certificate shall set forth the exact state and condition of the title sought to be registered in the action," and that "by the statements of fact contained in said certificate of title, or by separate accompanying affidavits, or by any other or additional evidence, if necessary, stating the facts, or by any or all of these, sufficient facts must be shown to satisfy the court that all owners and claimants of the property sought to be registered, or of any right or interest in or lien upon the same or any part thereof, who could be found by diligent inquiry are duly and specifically named and made parties to the action." If, then, the bald statement of the official examiner's opinion, not expressly declared to be an opinion, suffice, the decision of the fundamental question upon which the right to maintain the action depends, instead of being intrusted to the courts as the statute evidently intended it to be, is left to the official examiner of titles who may be, and in this case is, the plaintiff's attorney, and upon his opinion alone a judgment may be procured, with only constructive notice, binding on all the world. The probative value of a statement, appearing on its face to be but the opinion of the one making it, is no more, nor less, than that of a statement expressly declared to be an opinion. Indeed a statement may be said to be *ex vi termini* what it necessarily appears on its face to be. It adds nothing to a statement, necessarily appearing to be an opinion, to say that it is an opinion. We are not now considering whether the court acquires jurisdiction even upon insufficient papers, but only whether a defective answer is good enough for an equally defective complaint. Plainly the legislature did not intend that an

insufficient certificate of title could be made sufficient merely by prefixing a statement of the examiner's opinion that the title of the premises sought to be registered is in the plaintiff. The extent to which the legislature intended by section 385 to modify the ordinary rules of pleading and evidence is reasonably plain. The facts, the exact state and condition of the title, are to be set forth in the examiner's certificate of title. A defendant may not put all the facts in issue by the ordinary general denial, but must specify the particular statement or statements which he intends to controvert and state what he claims the fact to be. Thus the issue is narrowed to the real controversy and the claims of the parties respecting it are put before the court. The plaintiff may not impose the burden of thus narrowing the issues on the defendant by a general statement of the examiner that the plaintiff has the title, but the facts relied upon to establish title must be set forth. Then and only then is the defendant called upon to specify the particular statements controverted. Those facts are usually matters of record. The title may sometimes depend, as it does in this case, upon facts not appearing of record. Such facts must also be stated. Every allegation or statement of fact is to have probative force, unless expressly declared to be a conclusion or opinion. The plain implication is that all matters of opinion shall expressly be declared to be such, and the evidence relied upon should be attached to the certificate to the end that, if not satisfied, the court may require, as the statute provides, "a further or amended survey, or certificate, or additional affidavits, or any other proper evidence or proof." (Section 385.) "There shall be filed, with said certificate of title, the abstract of title and the searches made or used by the official examiner in the process of his work of examining the title; also all the other proper evidences of the due examination of the title." (Section 380.) When the plaintiff has complied with the statute and set forth the

facts relied upon to establish his title, he cannot be put to the trouble of proving them on the trial by the original documents, records or other evidence, but the examiner's certificate of title, the abstract, searches and survey are presumptive evidence of them, except that any party appearing at the trial may require that the ordinary rules of evidence and proof unaffected by said section 385 apply to the matter specifically controverted.

If the statement " that the title to the property herein described is vested in Dina Barkenthien " be of probative value and even presumptive evidence of its truth, it is specifically denied and put in issue by a controverting statement of at least equal probative force to the effect that the title has vested in the state of New York by escheat.

In this connection it may not be out of place to correct another misapprehension. In *Partenfelder* v. *People* (211 N. Y. 355, 357, 358) Judge CHASE, writing for the court, quoted the following, viz.: " The object and purpose of the law are to register good titles, not to cure bad ones," and among other things said: " If the plaintiff rests his case upon the complaint and accompanying papers and they do not show a title good as against all the world the action should be dismissed upon a defendant's motion." That did not mean that a mere cloud could not be removed in an action to register the title, but it did mean that the court should not grant a judgment unless the plaintiff established his title. Section 391 provides: "No judgment of registration shall be made, unless the court is satisfied that the title to be registered accordingly is free from reasonable doubt." It was not the intent of the statute, as seems to be supposed, that the title of a defendant, who, for example, defaults after substituted service, should be transferred by the court to the plaintiff. If properly administered the statute will serve a useful purpose. But extreme care must be exercised by the courts in granting judgments which are to be conclusive on all

the world.   Attempts to register titles without establishing them can only bring the statute into disrepute.

We are asked to specify the defects in the documents relied upon by the plaintiff to establish title.   We look first at the examiner's certificate of title, which must state the facts relied upon.   At the outset, for the reasons already stated, the statement of the examiner that the plaintiff has title may be rejected, either as of no probative value or as controverted by the answer.   The certificate of title must be and was annexed to and made a part of the complaint.   The facts relied upon to show the exact state and condition of the title are stated in the following paragraph: "In 1846, Joaquim Jose Vasquez died leaving a will set forth in the abstract of the title to the premises.   He devised all his residuary real property to the children of his sister Ann Emilie Bobone by the second marriage with Jerome Bobone.  These parties were Charles Albert Bobone, Emilie C. Bobone, otherwise Van Zeller, Josephine Constancia Bobone, otherwise Testör; they conveyed all their interest in the premises claiming to be the sole heirs at law of said Joaquim Jose Vasquez to George Maure by deed dated December 7th, 1887, recorded in Liber 735 Conveyances, page 207, Queens County, and through subsequent conveyances Dina Barkenthien acquired title to the premises herein." The answer alleges: "That at the time of the death of Joaquim Jose Vasquez, who is alleged in the examiner's certificate of title and abstracts of title to have died seized of the premises in 1846, the devisees named in his will which as set forth in the abstract of title, were all non-resident aliens.   That the devise, or the attempted devise in said will, was for that reason void under the statutes at that time in force.   Upon information and belief that the sole heir at law of said Joaquim Jose Vasquez was a non-resident alien, residing at Lisbon, Portugal.  That by reason of all the facts aforesaid the title to the said premises escheated to the state of New York,

and is now vested in this defendant. That this defendant, The People of the State of New York, have never conveyed or otherwise divested themselves of said title." It is to be noticed that the certificate of title does not state who were the heirs of said Vasquez, but only that certain persons named claiming to be his sole heirs conveyed to said Maure, the plaintiff's remote grantor. They did not assume to convey as devisees, but only as heirs. They did not assume to convey absolute title in fee, but only their interest in the premises. The certificate sets forth a so-called chain of title. The will of said Vasquez is not therein referred to. The other instruments mentioned are referred to simply as deeds, but there is no statement showing what premises, or the nature of the estate or interest therein, which any of them purported to convey. There is nothing to show whether the premises were occupied, or if so, by whom, and no attempt to trace the title to the original source. On the trial the plaintiff put in evidence an abstract of title. That is not required to be annexed to and form a part of the complaint, but it must be filed with the certificate of title. (Section 380.) The court is to determine whether the plaintiff appears to have a good title from " the complaint and all the other papers and documents filed." (Section 385.) It does not appear whether said abstract had been filed and it is not recited in the order directing the issuance of the summons. However, assuming it to be a document upon which the plaintiff may rely, it discloses that the sole heir of said Vasquez was his sister. Ann Emilie Bobone, a resident of Lisbon, Portugal, evidently the non-resident alien referred to in the answer. It also discloses that the children of said sister living at the death of said Vasquez were Edward Henry De Meuron, a son by her first marriage with Edward De Meuron, and three daughters, Emilie Catherine Bobone, Josephine Constancia Bobone, Jeanne Adelaide Bobone, and a son, Jerome C. A.

36

Bobone, the children of her second marriage with Jerome Bobone. It thus appears that the grantors of said Maure were none of them heirs of said Vasquez, and were not all of his residuary devisees, even assuming that they were not by reason of alienage disqualified to take by devise. It appears further that Jeanne Adelaide Bobone died intestate in 1857, and that Ann Emilie Bobone died in 1860. It appears by the certificate of title and the abstract that Eduardo H. De Meuron brought a partition suit against the plaintiff in this action in 1907, claiming an interest in said premises, and said suit is pending and undetermined.

Assuming that, although they only assumed to convey as heirs at law, the grantors of Maure were capable of taking by devise from Vasquez, they took only an undivided three-fourths interest, and their sister, since deceased, took the other fourth. They could take by descent only through their mother, and, assuming that a non-resident alien could inherit from a non-resident alien, they could only have taken from her an undivided three-fourths interest, the other fourth descending to their half-brother, the plaintiff in the partition suit. Either the title has escheated to the state or the said De Meuron has an apparent interest, either a fourth or a sixteenth, depending on whether the property passed from Vasquez by descent or devise. For that reason, and in view of the state of the record, we do not pass on the claim of the state to title by escheat. In any view the plaintiff failed to establish the title sought to be registered and cannot complain of the dismissal of her complaint.

Counsel appears to take the view that it establishes title in the plaintiff to make all persons having an interest defendants, and if they default to bar their claims, or, strictly speaking, to transfer their title to the plaintiff by a default judgment. But, as already pointed out, the legislature did not establish a method of registering land titles as a device to enable one party to acquire

the title of others without their knowledge. Upon the plaintiff's failure to establish her title it was the duty of the court to dismiss the complaint irrespective of whether any of the defendants had appeared in the action.

The motion should be denied, with costs.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE, HOGAN and MILLER, JJ., concur; COLLIN, J., not voting.

Motion denied.