under such laws. It furthermore appears that there is pending before the district attorney of Cook county in the state of Illinois a charge against this defendant of being concerned in the commission of such offense against the laws of that state; that the statute of limitations has not run against such charge; and that the question of a prosecution therefor has been pending for some time before such district attorney, who has announced no intention of abandoning the same. Therefore the danger which the witness apprehends is not unsubstantial, remote, or speculative, but serious, present, and urgent. Nor does the fact that the witness has answered some of these questions at another time prevent his now raising his privilege. Commonwealth v. Phœnix Hotel Co., 157 Ky. 180, 162 S. W. 823; Grattan v. Metropolitan Life Ins. Co., 92 N. Y. 287, 44 Am. Rep. 372; Boston Marine Ins. Co. v. 'Slocovitch, 55 N. Y. Super. Ct. 452.

I am of the opinion, therefore, that the motion to punish the witness for contempt should be denied.

---

BELMONT POWELL HOLDING CO. v. SERIAL BUILDING LOAN & SAVINGS INST. et al.

(Supreme Court, Appellate Division, Second Department. April 16, 1915.)

RECORDS &⇒9—REGISTRATION OF TITLE—PARTIES.

 In an action for registration of title to land, record title to which is in a grantee, the grantee or his heirs or next of kin must be made parties, which is not done by a provision in the summons and complaint making "all other persons, if any, having any right or interest in or lien upon the property affected by this action, or any part thereof," parties; but the grantee or his heirs or next of kin must be named in the summons.

 [Ed. Note.—For other cases, see Records, Dec. Dig. &⇒9.]

Appeal from Special Term, Kings County.

Proceedings by the Belmont Powell Holding Company against the Serial Building Loan & Savings Institution and others to register title. From a judgment registering title, the People of the State of New York appeal. Reversed, and complaint dismissed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Robert P. Beyer, Deputy Atty. Gen., for the People.
Gilbert Ray Hawes, of New York City, for respondent.

PER CURIAM. The Attorney General has appealed from a final judgment and decree after trial at Special Term, under article 12 of the Real Property Law (Consol. Laws, c. 50), in which the title in fee to the premises described in the complaint has been thereby registered in the plaintiff.

All defendants, except the Attorney General, either defaulted in pleading or consented to the entry of judgment of registration. The Attorney General interposed an answer, setting up that one Julia Ann White, who in 1854 took title in fee to this property, thereafter died intestate, seised of the premises, leaving no heirs at law her surviving,

from which appellant claims that the title had escheated to the state. Plaintiff's proof indicated a record title from March 27, 1802, to 1854, when a deed to Julia Ann White was recorded. Julia Ann White and those claiming under her, however, are not parties to the action, unless by omnibus clause in the summons and complaint:

"All other persons, if any, having any right or interest in or lien upon the property affected by this action, or any part thereof."

Warrant for this practice is claimed under section 380 of this statute. But that has not been the usual method to give notice to the heirs or next of kin of a deceased or missing holder of title. Such rights ought not thus to be taken away, and the title registered against them merely by considering these unknown heirs as brought in and made parties by the general words:

"All other persons, if any, having any right or interest in * * * the property affected."

In a like case of an absentee who had been long missing, the summons was against the unknown widow, heirs, and next of kin, naming them severally by fictitious designations. Moran v. Conoma, 13 N. Y. Supp. 625, affirmed 128 N. Y. 591, 28 N. E. 251. See, also, City & Suburban Homes Co. v. People, 157 App. Div. 459, 461, 142 N. Y. Supp. 924.

The power to register a title, which may be conclusive against absent heirs or others having interests in the property, should not be permitted to do away with the usual precautions to give notice to such heirs. Here the name of White was not in the summons. Had it so appeared, it might reach the attention of some of the family. With that essential wholly left out, and no other notice than the general designation of "all other persons," we cannot say that the title of such absentees has been transferred over to the plaintiff by this proceeding by publication. Barkenthien v. People, 212 N. Y. 36, 105 N. E. 808; Id., 213 N. Y. 554, 107 N. E. 1034.

There is also a lack of evidence to sustain the finding of adverse possession, should that be deemed a finding of fact.

On the grounds, therefore, that the heirs or next of kin of Julia Ann White were not named in the summons, and that the evidence of adverse possession is insufficient, the judgment should be reversed, with costs, and the complaint dismissed.