SHERMAN v. PEOPLE et al.

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. ESCHEAT ⊙⇒6—PROPERTY SUBJECT TO ESCHEAT—EVIDENCE.

Affidavits which aver that in the opinion of the affiants a holder of the record title to land died without heirs at law, leaving surviving only his widow, present mere conclusions of the affiants, and are insufficient to establish as a fact that the holder died without heirs at law, and the property may not be escheated to the state.

[Ed. Note.—For other cases, see Escheat, Cent. Dig. §§ 7–17, 24; Dec. Dig. ⊙⇒6.]

2. ESCHEAT ⊙⇒8—PROPERTY SUBJECT TO ESCHEAT—STATUTORY PROVISIONS.

A statute which releases any interest which the state might have in premises to an individual does not confer title in the individual, where the holder of the record title to the land left heirs at law, so that the property did not escheat to the state.

[Ed. Note.—For other cases, see Escheat, Cent. Dig. §§ 20–22; Dec. Dig. ⊙⇒8.]

3. RECORDS ⊙⇒9—REGISTRATION OF TITLES TO LAND—STATUTORY PROVISIONS—ACTIONS.

In an action to register a title, an apparent cloud on the title may be removed; but a valid lien on or claim to the property cannot be destroyed.

[Ed. Note.—For other cases, see Records, Dec. Dig. ⊙⇒9.]

4. RECORDS ⊙⇒9—REGISTRATION OF TITLE TO LAND—PARTIES.

Under Real Property Law (Consol. Laws, c. 50) § 379, providing that the summons and complaint in an action to register title shall name as parties all persons having or claiming any right or interest in or lien on the property or any part thereof, as shown by the examiner's certificate of title, and that the complaint shall contain the names and post office addresses of defendants as far as known or can reasonably be ascertained, together with a description of those whose names are unknown, as provided by Code Civ. Proc. § 451, a description of heirs of a deceased holder of record title as "all other persons, if any, having any right or interest," is insufficient.

[Ed. Note.—For other cases, see Records, Dec. Dig. ⊙⇒9.]

Appeal from Special Term, New York County.

Action by George D. Sherman against the People of the State of New York and others. From a judgment for plaintiff, the People appeal. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert P. Beyer, Dep. Atty. Gen., for the People.
Gilbert Ray Hawes, of New York City, for respondent.

PER CURIAM. Action under article 12 of the Real Property Law (chapter 52, Laws of 1909, as amended by chapter 627, Laws of 1910) to register in the plaintiff the title to certain real property, No. 415 West 150th street, in the city of New York. After trial at Special Term, judgment was entered in favor of the plaintiff, with costs against the people. From this judgment the Attorney General appeals.

On the 18th of June, 1851, the holder of the record title to the premises in question conveyed the same to one Edward Welsh, and

---

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

there is nothing in the record to show that his title has ever been divested. On the 15th of September, 1870, Margaret Welsh, the wife of Edward Welsh, conveyed the premises to one David Duane.

[1, 2] It is contended on the part of the respondent that the affidavits of certain neighbors of Edward Welsh, taken in 1889, show that in the opinion of the respective affiants Edward Welsh died without heirs at law and leaving him surviving only his widow, Margaret Welsh, and therefore the title to the property escheated to the state of New York. The trouble in this respect is that the affidavits presented mere conclusions on the part of the affiants and are wholly insufficient to establish, as a fact, that Edward Welsh died without leaving heirs at law. It appears that in 1871, by an act of the Legislature, the state of New York released any interest which it might have in the premises to David Duane; and for that reason it is urged the title of the plaintiff is good and he is entitled to have the same registered under the statute. If Edward Welsh left heirs at law, then the title did not escheat to the state and the act of the Legislature transferred no title because the state had none.

[3, 4] Neither Edward Welsh, nor those claiming under him, were made parties to the action. The plaintiff, however, contends that they are included in the omnibus clause of the summons and complaint under the description:

"All other persons, if any, having any right or interest in, or lien upon, the property affected by this action, or any part thereof."

Section 379 of the Real Property Law provides that the summons and complaint "shall name as parties to the action all persons having or claiming any right or interest in or lien upon the property, or any part thereof, as shown by the examiner's certificate of title." The section further provides that the complaint shall contain the names and post office addresses of the defendants, as far as known, or can reasonably be ascertained, together with a description of those whose names are unknown, as prescribed by section 451 of the Code of Civil Procedure; that is, such a description as will identify the defendants and serve to notify them of the pendency of the action.

In actions brought to register titles, the object and purpose of the statute must always be kept in mind. It is to register good titles, and not, by judicial decree, cure bad ones. Partenfelder v. People, 211 N. Y. 355, 105 N. E. 675. The statute itself provides that:

"No judgment of registration shall be made, unless the court is satisfied that the title to be registered accordingly is free from reasonable doubt." Section 391.

"It," says the court in Barkenthien v. People, 213 N. Y. 554, 107 N. E. 1034, "was not the intent of the statute, as seems to be supposed, that the title of a defendant, who, for example, defaults after substituted service, should be transferred by the court to the plaintiff. If properly administered the statute will serve a useful purpose. But extreme care must be exercised by the courts in granting judgments which are to be conclusive on all the world." In an action under this statute an apparent cloud upon the title to real estate may be

removed, but a valid lien upon or legal claim to such real estate cannot be extinguished or destroyed in this way.

A question quite similar to the one here presented was recently before the court in Belmont Powell Holding Company v. Serial Building Loan & Savings Institution (Sup.) 152 N. Y. Supp. 868. In disposing of the same the court said:

"The power to register a title which may be conclusive against absent heirs or others having interests in the property should not be permitted to do away with the usual precautions to give notice to such heirs. Here the name of White was not in the summons. Had it so appeared, it might·have reached the attention of some of the family. With that essential wholly left out, and no other notice then the general designation of 'all other persons,' we cannot say that the title of such absentees has been transferred over to the plaintiff by this proceeding by publication."

In the case before us the record title, as indicated, is in Edward Welsh, and yet the name of Welsh does not appear in the summons. The publication gave no notice whatever of the pendency of the action to the heirs of Welsh, if any, unless they are included in the clause of "all other persons, if any, having any right or interest."

We do not think this is a sufficient description of such heirs, nor do we think there is sufficient evidence to sustain the finding of adverse possession, if such finding be deemed one of· fact. See Partenfelder v. People, 157 App. Div. 462, 142 N. Y. Supp. 915, affirmed 211 N. Y. 355, 105 N. E. 675; City & Suburban Homes Co. v. People, 157 App. Div. 459, 142 N. Y. Supp. 924.

Upon the ground, therefore, that the heirs of Edward Welsh, if any, were not named in the summons, and that the evidence of adverse possession is insufficient, the judgment is reversed, with costs, and the complaint dismissed, with costs.